SUSANNA MERKLE, ADMINISTRATRIX, PLAINTIFF IN ERROR, v. THE NEW YORK, LAKE ERIE AND WESTERN RAILROAD COMPANY, DEFENDANT IN ERROR.

JOHN SCHWINGE, PLAINTIFF IN ERROR, v. THE NEW YORK, LAKE ERIE AND WESTERN RAILROAD COMPANY, DEFENDANT IN ERROR.

A, driving a covered wagon in which there were boxes containing a large number of loose bottles, which rattled with the motion of the wagon, in attempting to cross a railroad track upon which he could not see an approaching train until he came within six or eight feet of the track, was killed. *Held,* that he was guilty of contributory negligence; inasmuch as he could not see an approaching train any considerable distance from the track, ordinary prudence required him to stop the noise of his wagon when he was near enough to the railroad to ascertain by listening whether there was any danger or not.

In error to the Supreme Court.

For the plaintiffs in error, *Collins & Corbin.*

For the defendant in error, *Cortlandt & R. Wayne Parker.*

The opinion of the court was delivered by

THE CHANCELLOR. One of these suits was brought by John Schwinge to recover damages for the destruction of his property, a wagon and contents, by a collision with a train running upon the company's railroad, and the other by the administratrix of the person who drove the wagon for Schwinge at the time of the collision, and who was killed therein, for damages for such killing. The causes, with another for damages for the killing, in the same accident, of a lad who was in the wagon at the time, and which cause went to a verdict, were all tried together. At the trial, at the close of the plaintiffs' principal testimony, the plaintiffs in the cases under consideration were non-suited upon the ground that according to the evidence the driver of the wagon was guilty of contributory negligence. To reverse the judgment of non-suit in those cases the writs

of error were brought.   The driver of the wagon stopped to deliver goods at a store distant about fifty-six feet from the railroad track.   After finishing that business, he drove on (the horses upon a slow walk), towards and upon the railroad track, and he did not stop until the collision took place.   After leaving the store he could not see the approaching train until he came within six or eight feet of the railroad track.   The wagon was a closed one, with a high tail-board which could be opened and shut, and it had curtains with an opening on the side where the driver sat.   The curtain at that place was up at the time of the accident.   In the wagon were seventy-four or seventy-five boxes in which were about eighteen hundred loose beer-bottles.   The boxes were in layers, one layer being upon the floor of the wagon and the others piled upon it.   As the wagon went along the bottles rattled with its motion.   The noise which they made probably prevented the driver from hearing the sound of the approaching train.   Inasmuch as he could not protect himself, if there was danger, by the use of his eyes, it was incumbent upon him, in the exercise of ordinary prudence, to make use of his sense of hearing.   He must have known that the rattling of the bottles behind him in the wagon might and probably would prevent him. from hearing the noise of an approaching train.   He could have stopped that noise by stopping the wagon, but he did not do so.   Inasmuch as he could not see an approaching train at any considerable distance from the track, ordinary prudence required him to stop when he was near enough to the railroad to ascertain, at least by listening, whether there was danger or not.   But he appears to have used no precaution whatever, not even stopping the noise of the wagon, which was completely under his control.   The judgment should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, DEPUE, KNAPP, MAGIE, PARKER, REED, SCUDDER, CLEMENT, COLE, McGREGOR, PATERSON, WHITAKER.   13.

*For reversal*—None.