## BLOOMFIELD v. THE BURLINGTON & WESTERN RAILWAY COMPANY.

Railroads: COLLISION AT STREET CROSSING: CONTRIBUTORY NEGLI-GENCE: EVIDENCE. Plaintiff was struck by defendant's engine while driving a gentle horse over the track at a street crossing. For fifty feet before he reached the track defendant's engine, with head-light burning, could be seen by him for a distance of three hundred and fifty feet from the crossing. In view of this physical fact, *held* that his testimony that he looked and listened for an approaching train did not even create a conflict of evidence as to his contributory negligence; and since there was no evidence from which the jury could properly have found that the accident might have been avoided by the exercise of proper care after he discovered the danger, *held* that the verdict for plaintiff could not be sustained.

*Appeal from Mahaska District Court.*—HON. J. K. JOHNSON, Judge.

FILED, JUNE 7, 1888.

ACTION at law to recover damages for an injury to the person and property of plaintiff by a collision of a locomotive engine with a wagon at a street crossing in the city of Oskaloosa. There was a trial by jury, and a verdict and judgment for plaintiff. Defendant appeals.

*Kelly & Cooper* and *John F. Lacey*, for appellant.

*Carroll & Davis* and *Blanchard & Preston*, for appellee.

ROTHROCK, J.—I. There is no dispute that the collision occurred, and that the plaintiff and his wagon and horse were injured. The question is, did the plaintiff show by the evidence that the injury occurred by reason of the negligence of the defendant's employes in running the engine, and without contributory negligence on his part? The case has been tried three times in the court below. At the first trial there was a verdict for the plaintiff, which was set aside. At the second trial the jury failed to agree, and at the trial from which this appeal was taken there was a verdict for the plaintiff for two hundred dollars. We have had occasion to examine many cases of this kind in this court, and appeals are frequently made to us to reverse alleged excessive verdicts and judgments. The right of recovery in this case rests entirely upon the testimony of the plaintiff, and it is evident that the jury gave credence to his testimony as to the right of recovery, and disbelieved him as to the extent of his injuries. There can be no other reason to account for the insignificance of the verdict. We do not think that there was any evidence in the case, not even that of the plaintiff, which warranted a verdict in his favor for any amount. He attempted to cross the railroad track in a one-horse wagon, after dark. The engine with which he came in collision had a head-light brightly burning. This head-light was in full view of the plaintiff when he reached a point fifty feet from the crossing, and from that to the crossing there was nothing to prevent him from seeing it. We mean to say that from a point fifty feet from the crossing he could have seen the head-light on the engine three hundred and fifty feet from the point of observation. It is useless for him to testify that he looked and listened for an approaching engine. His testimony, in the face of an undisputed physical fact of this kind, cannot be said to raise a conflict, and it is to be remembered that there were no complicating circumstances which would excuse the plaintiff from the exercise of his faculties of sight and

hearing. He was driving a gentle horse leisurely along to the crossing, with nothing to distract his attention from using the commonest caution in his approach to the railroad track. The great preponderance of the evidence is to the effect that the collision occurred by the backing of the plaintiff's horse after he had crossed the track. It is true, the plaintiff denies this, and contradicts several witnesses who testified that the plaintiff so stated to them after the accident. His contradiction of these witnesses would probably raise a conflict on this question; but still the fact remains that he could have seen the approaching engine, and avoided the injury of which he complains.

II. But the plaintiff claims that the collision could have been avoided if the engineer, when he saw the danger to which plaintiff was exposed, had taken immediate means to stop the engine. We do not think the evidence authorized a recovery upon this ground. It was incumbent on plaintiff to prove this fact. About all there is to justify the verdict on this ground is certain evidence in the nature of an impeachment of the engineer in charge of the engine. It is questionable whether this evidence should have been allowed to go to the jury in the way it was submitted. The jury must have regarded it as original evidence of the fact rather than merely impeaching evidence.

We have thus disposed of this case in a very general way. We have not thought it necessary to discuss nor even mention the legal questions presented in argument by counsel. An examination of the evidence leads our minds to the conclusion that it is wholly insufficient to support a verdict for the plaintiff in any sum, or on any ground.

REVERSED.