J. A. SWANGER, Appellant, v. CHICAGO, MILWAUKEE, & ST. PAUL RAILWAY, Appellee.

**Railroads:** CROSSING ACCIDENT: CONTRIBUTORY NEGLIGENCE. It is the duty of one crossing a railway track to use his senses for the purpose of avoiding a collision with a passing train; and where it appears that by so doing plaintiff could have avoided the accident he will be denied recovery.

*Appeal from Shelby District Court.*— HON. O. D. WHEELER, Judge.

WEDNESDAY, OCTOBER 24, 1906.

ACTION to recover damages for a personal injury. There was a directed verdict and judgment for costs in favor of defendant, and plaintiff appeals.— *Affirmed.*

*Cullison & Robinson,* for appellant.

*Byers, Lockwood & Byers, J. C. Cook,* and *H. Loomis,* for appellee.

BISHOP, J.— The town of Portsmouth, a station on the line of defendant's railway in Shelby county, contains about two hundred and fifty inhabitants. The railway tracks run through the town north and south, and the general surface of the ground is level. To the north there is a clear view up the track for about a quarter of a mile from the depot building; the track then curves, and is lost to sight behind a hill. Plaintiff was employed at a creamery, which is situated about two hundred and fifty feet east of the track, and on a street which crosses the track about five hundred feet south of the depot building. On the morning of the accident, December 29, 1902, he hitched up a team at the creamery to go into the country to gather cream, and this had been his regular duty for a period of nearly a year. In crossing the track as he drove west he was struck by a south-bound passenger train, which passed through the station without stopping, and sustained the injury of which he complains.

One of the grounds of the motion for a directed verdict was that plaintiff had failed to show that he was himself free from negligence contributing to his accident and injury. A fair reading of the abstract and the amendment thereto filed by appellee satisfies us that the motion on that ground was properly sustained.. Plaintiff's team was hitched to a sled, and in front over the seat was a top similar in shape to a buggy top, constructed of bows covered with canvas above and at the sides and back. Plaintiff says he knew that the train which was due at the station at six o'clock had not yet arrived; he also knew that trains frequently ran through the station without stopping. He says that from where he hitched up his team he had a clear view up the track north to the curve; that with the fact of the belated train in mind he looked to see if it was coming, and, not seeing it, he pulled his cap down over his ears to keep them warm, and got into the sled and drove west toward the crossing. The team moved at a walk, as there

was but little snow on the ground between the creamery and the track. Shortly after leaving the creamery the street passes between some corncribs, and the view of the track north is thus obstructed until within about fifty feet of the railway track. Plaintiff says that as he came from behind the corncrib his range of vision, due to the position of his seat within the top, took in no more than about one hundred and fifty feet of the track north from the crossing, and he says that as he came out in the open he made no attempt to look up the track, but, hearing nothing, due, without doubt, to the covering over his ears, he kept his eyes to the front, and drove upon the track. This state of facts brings the case fairly within the rule announced in *Hinkein v. Railway,* 97 Iowa, 603, and other like cases. In the case cited it was said: " We have reiterated the doctrine that a railway track is always a place of danger, and that it is the duty of one about to cross it, even in the absence of any special warnings or signals on the part of those in charge of the train, to use his senses in order to avoid injury. If plaintiff had stopped and looked for the train, even after he had crossed the side track, this sad accident would not have happened. He knew that his view of the track was obstructed for some distance just before reaching the side track, and this fact alone should have made him the more cautious after he arrived at a place where he had an unobstructed view of the track." Confessedly, if the plaintiff in the case before us had looked as he came from behind the corncrib, the accident from which he suffered his injuries would never have occurred. We need not make a further citation of authorities, but see the late case of *Golinvaux v. Railway,* 125 Iowa, 652.

From what has been said, it follows that the judgment must be, and it is, *affirmed.*

DEEMER, J.— I concur in the conclusion.