JOHN BEEMER, Administrator, Appellant, v. CHICAGO, ROCK
ISLAND & PACIFIC RAILWAY COMPANY, Appellee.

**RAILROADS:** Accidents at Crossings—Unobstructed View—Con-
1  tributory Negligence. One who, though quite aged, is possessed
of the ordinary senses of sight and hearing, and who, in clear
daytime, and under no distracting circumstances, knowingly
goes upon a railway crossing, the approaches to which from a
point at least 90 feet from the crossing and continuously there-
after are wholly unobstructed for a distance ranging from 800
feet to an indefinite distance, is, in case of injury, *conclusively*
guilty of contributory negligence.

**NEGLIGENCE:** Evidence—"No Eyewitness" Rule—Non-Applica-
2  bility. The principle that, where a party is dead and there is
no eyewitness as to the manner ·in which he conducted himself
*at and immediately preceding the time of the injury*, a pre-
sumption prevails that he exercised due care, has no applica-
tion to a case where the testimony of eyewitnesses fully ac-
counted for the conduct of the deceased *while passing over the
last 40 feet* leading to a known railway crossing which (and
the approaches thereto) was then wholly unobstructed.

**NEGLIGENCE:** Imputed Negligence—Driver and Mere Occupant
3  with Equal Knowledge of Danger. Equal knowledge by a hus-
band and wife of the surroundings, of the possible danger, and
of the ways to discover and avoid it, imposes on each the *same
measure of care*, notwithstanding the doctrine that the negli-
gence of the husband, as driver of the conveyance, may not be
imputed to the wife.

*Appeal from Iowa District Court.*—R. P. HOWELL,
Judge.

TUESDAY, APRIL 3, 1917.

REHEARING DENIED SATURDAY, NOVEMBER 17, 1917.

ACTION by the administrator for damages for personal
injuries resulting in the death of plaintiff's intestate. The
injuries resulted from a collision at a railway crossing with-

in the village of Ladora. There was a directed verdict for the defendant, and the plaintiff appeals.—*Affirmed.*

*Dutcher, Davis & Hambrecht,* for appellant.

*F. W. Sargent, Robt. J. Bannister, J. G. Gamble* and *Jno. F. Cronin,* for appellee.

1. RAILROADS: accidents at crossings: unobstructed view: contributory negligence.

Evans, J.—The decedent was Julia Beemer, wife of John Beemer. The husband and wife were riding in an automobile, the husband driving, and the wife seated beside him on the front seat. The automobile passed upon the railway crossing immediately in front of an oncoming passenger train. A collision resulted, and both occupants were injured so that they died. Both occupants were 68 years of age, and both were in the possession of their ordinary senses and faculties. The time of the accident was 10:30 A. M., on Sunday morning, August 17, 1913. The day was clear and the weather pleasant, and no distracting circumstances appeared. The Beemers had driven from Marengo to Ladora for the purpose of visiting with their children. Previously, they had lived for some years in Ladora, and were familiar with the crossing and its surroundings. The railway runs easterly through the town upon a straight track in each direction. The train involved in the collision was running east one hour late, and at 50 miles an hour. The Beemers came into the village from the east along Pacific Street, which was a short distance south of the railroad right of way and parallel thereto. At the intersection of Pine Street, they turned north thereon toward the crossing in question. Moving north on Pine Street, it was slightly up hill up to a point about 40 feet from the railway track, from which point the street was level over the crossing. They were

driving at about 6 miles an hour. At a point 90 to 100 feet south of the railway track, a view thereof could be had for a distance of from 800 to 1,100 feet toward the west, and such distance increased with the approach toward the track. At a point 40 feet or more from the track, there was a clear view thereof in both directions for an indefinite distance. From this point, the occupants were under the observation of witnesses. The evidence of these is conclusive that neither of the occupants was looking in either direction for a train, and that they gave no sign of discovering its approach until they were upon the crossing, at the very moment of collision. The trial court held that the occupants were conclusively negligent upon their own part in their failure to discover the approach of the train.

It is the contention of the appellant that the circumstances were such as to carry the question to the jury. The plaintiff's petition was predicated upon the theory that the speed of the train was in violation of an ordinance of the village, and his argument has been predicated upon that theory. It is now conceded that no ordinance was introduced, and that that question is not involved. We shall, therefore, eliminate it from our consideration.

2. NEGLIGENCE: evidence: "no eyewitness" rule: non-applicability.

The appellant also contends for a presumption of due care on the part of the Beemers, on the theory that they were not under observation of witnesses until they had reached a point 40 feet from the track. The argument is that they will be presumed to have exercised due care before reaching this point, and that they were, therefore, under no necessity of looking and listening again. We do not think the argument can be sustained. It may be assumed that it would have been due care upon the part of these occupants not to have looked and listened at all until they had come to the point 40 feet distant, where the view was best. They were under a continuing obliga-

tion to exercise due care, even though it be true that they might be excused from looking and listening at one point by the fact that they had already looked and listened at an appropriate point, or were intending to look and listen at a better point.   The oncoming train being in plain view when the driver was 40 feet distant from the track, he was bound to see it, in the absence of extraordinary circumstances, and we have so held in numerous cases.   In this case, no extraordinary circumstances appear, except the awful accident itself.   The automobile was in good condition and moving slowly, and, according to the undisputed testimony, could have been stopped in a mere moment.   The automobile has greatly increased the mortality of the railway crossing.   The auto driver has had his full share of responsibility therefor. We ought not to relax the strictness of duty which the law enjoins upon him in its ordinary application.   The last chance to prevent the accident is nearly always with him.

A careful examination of this record leads us to the conclusion that the trial court rightly held this driver to have been guilty of contributory negligence in failing to discover the approach of the train.   In *Crawford v. Chicago, G. W. R. Co.*, 109 Iowa 433, we said:

"A person possessing the ordinary powers of seeing and hearing cannot, without negligence on his part, knowingly approach a railway crossing, and fail to discover an approaching train which he can readily see or hear a sufficient length of time to enable him, with reasonable effort, to avoid danger."

In the recent case of *Landis v. Interurban R. Co.*, 166 Iowa 20, at 31, we said:

"Plaintiff was perfectly familiar with the crossing, and said that he knew it was a dangerous one.   He was driving an unusually quiet team, and, aside from the storm and the condition of the weather, there was nothing to divert his attention.   He had nothing to do but to look out for

his own safety, and he said that, although he looked at various places, and that he knew the crossing was dangerous, he at no time saw the car until his horses were upon the track, and that then it was too late to do anything, going as he was at the rate of from two to two and one-half miles per hour, even if the car had not been running at a high rate of speed. Consequently he was at no time misled by the high speed of the car. The final and ultimate question is this: Suppose we take plaintiff at his word, and say that he both looked and listened, and heard or saw no car; is this enough, in view of the other circumstances shown, to establish freedom from contributory negligence? It is well settled that, if one drives upon a railway crossing, which is a known place of danger, in front of an approaching train, the view of which is substantially unobstructed, without looking and listening, or if he looks and listens, and does not see a car which he should have seen, had he exercised reasonable care to see, or to hear, but says that he neither saw nor heard, he is guilty of contributory negligence as a matter of law. *Artz v. Railroad,* 34 Iowa 153; *Pence v. Railroad,* 63 Iowa 746; *Moore v. Railroad,* 89 Iowa 223; *Crawford v. Railroad,* 109 Iowa 433; *Hinken v. Railroad,* 97 Iowa 603; *Swanger v. Railroad,* 132 Iowa 32; *Williams v. Railroad,* 139 Iowa 552; *Wilson v. Railroad,* 150 Iowa 33; *Powers v. Iowa Cent. R. Co.,* 157 Iowa 347; *Ring v. Railroad,* 75 N. W. 492; *Bloomfield v. Railroad,* 74 Iowa 607; *Sala v. Railroad,* 85 Iowa 679."

In *Willams v. Chicago, M. & St. P. R. Co.,* 139 Iowa 552, we said:

"The case before us is barren of such modifying circumstances. During the last twelve rods of his approach to the crossing, plaintiff could have discovered the train bearing down upon him for a distance of at least a quarter of a mile. He looked when at a distance of four rods and saw nothing. From that point there was nothing to distract

his attention.   He was driving a tractable team, at a walk, over a crossing with which he was very familiar.   There was nothing to obstruct his view, no other noises to drown the sound of the moving train or of the signals, if any; and, without further thought of the dangers incident to such crossing, he turned his eyes and his hands to the business of gathering up the mail for the next delivery. * * * If, after satisfying himself with the look at a distance of four rods from the crossing, plaintiff had given his attention to reading a newspaper while his horses walked along to a collision with a train which he could have seen and avoided at any point of the intervening distance, counsel would hardly deny the justice of a ruling that such conduct amounts to negligence *per se.*   We are unable to see that the case before us presents any less flagrant want of care. The slightest attention to his surroundings would have saved him from injury, and, failing in this, he is not in a position to recover damages."

Applying the foregoing to the case before us, they are conclusive, at least as regards the negligence of the driver of the auto.   To the same effect is *Powers v. Iowa Central R. Co.,* 157 Iowa 347.

It is urged by the appellant, however, that the negligence of the husband, if any, could not be imputed to the wife, and this may be conceded.   The fact remains, however, that the wife, seated beside her husband on the front seat, and with the same knowledge of the approach to the crossing and the danger thereof, was as much under the duty of lookout and discovery as he was.   In *Willfong v. Omaha & St. L. R. Co.,* 116 Iowa 548, we said:

"Where a husband and wife, traveling together in a conveyance which the former is driving, are injured in a collision on a railroad crossing, the court cannot properly instruct that, if the wife relied on her husband to look and to listen and to exercise reasonable care, she was relieved

from so doing herself, since she was bound to the same degree of care as her husband."

To the same effect, see *Hajsek v. Chicago, B. & Q. R. Co.*, (Neb.) 97 N. W. 327; *Toledo & Ohio Cent. R. Co. v. Eatherton*, 20 Ohio C. C. 297; *Galveston, N. & S. A. R. Co. v. Kutac*, (Tex.) 11 S. W. 127; *Davis v. Chicago, R. I. & P. R. Co.*, 159 Fed. 10; *Brommer v. Pennsylvania R. Co.*, 179 Fed. 577; *Cotton v. Willmar & S. F. R. Co.*, (Minn.) 8 L. R. A. (N. S.) 643.

The judgment of the trial court must accordingly be—
*Affirmed.*

GAYNOR, C. J., LADD and SALINGER, JJ., concur.