CLARA ANDERSON, Appellant, v. JACOB M. DICKINSON, Receiver, Appellee.

RAILROADS: Liabilities Arising from Operation—Accidents at Crossings—Contributory Negligence. Evidence reviewed, in an action for injuries sustained in a collision between an automobile and a railway train at a street crossing, and held that the physical facts contradicted plaintiff's evidence, and conclusively proved that, if she had looked, she would have seen the train, and that she was guilty of contributory negligence.

*Appeal from Scott District Court.*—M. F. DONEGAN, Judge.

OCTOBER 25, 1919.

ACTION for damages for personal injuries sustained in a collision with plaintiff's automobile by one of defendant's trains at a street crossing in the city of East Moline, Illinois. At the close of all the evidence, there was a directed verdict for the defendant on the ground of contributory negligence of plaintiff. Plaintiff appeals.—*Affirmed.*

*Ely & Bush,* for appellant.

*Cook & Balluff, F. W. Sargent,* and *J. G. Gamble,* for appellee.

EVANS, J.—The plaintiff was riding with her husband

on the front seat of the automobile. They were driving north on Tenth Street toward a double crossing of the defendant's railway. That is to say, two parallel lines of track crossed the street in near proximity to each other. The defendant's train was west bound. According to plaintiff's evidence, the automobile approached the crossing at the rate of 10 or 12 miles per hour, driving in second speed. The train approached such crossing at the rate of 30 or 40 miles per hour, and in violation of a speed ordinance.

As bearing upon the question of contributory negligence, the plaintiff and her husband were familiar with the crossing, and knew the danger naturally incident thereto. At a point 116 feet from the crossing, the automobile was stopped, for the purpose of an errand at a saloon. At that point, the eastward view of the railway tracks was obstructed by a building abutting upon the street. This line of obstruction was passed at a point 55 feet from the crossing, at which point the railway came into view for a distance of several hundred feet, there being a straight track eastward from the depot for a distance of 600 feet. The plaintiff testified that at this point she looked eastward along the track, and saw no train. Her husband testified likewise. They both testified, also, that there was no train at that time within their range of vision. The train must have been at that time, however, within 200 or 300 feet of the crossing, and in plain view of the plaintiff and her husband. The accident occurred between 6 and 7 o'clock in the evening in February. The train had a strong headlight, which threw its light along the track, within a zone extending 30 feet on each side. The plaintiff and her husband testified, also, that they did not discover the train until the moment of the collision. It is clearly a case where the physical facts conclusively contradict the plaintiff, and prove conclusively that, if she looked, she saw the train, and if she did not see the train, it was because she did not look.

Analogous cases are quite numerous in our reports. *Artz v. Chicago, R. I. & P. R. Co.*, 34 Iowa 153; *Bloomfield v. Burlington & Western R. Co.*, 74 Iowa 607; *Reeves v. Dubuque & S. C. R. Co.*, 92 Iowa 32; *Payne v. Chicago & N. W. R. Co.*, 108 Iowa 188; *McLeod v. Chicago & N. W. R. Co.*, 125 Iowa 270; *Powers v. Iowa Cent. R. Co.*, 157 Iowa 347.

We think the trial court properly sustained the motion to dismiss, and its order is—*Affirmed*.

LADD, C. J., PRESTON and SALINGER, JJ., concur.