Mrs. M. M. Mitchell, Appellant, v. Leo Brennan et al., Appellees.

No. 41185.

March 8, 1932.

H. H. Sawyer, for appellant.

George Malcolm, for appellee.

Grimm, J.—On March 20, 1931, the plaintiff-appellant, without counsel, commenced an ordinary action in the Conciliation Division of the Municipal Court of Des Moines, asking for judgment for unpaid rent of $50.00. The attempt at conciliation failed, and the cause was transferred by the plaintiff to the regular Municipal Court docket, and a date was fixed for trial.

The defendants demanded a jury trial, and the cause was then assigned, at the request of the plaintiff, for the next regular jury period of the court.

An amended and substituted petition was filed, increasing the demand to $280.00. Attached to the petition was a copy of the lease under which the plaintiff was claiming the tenants, the defendants, became liable for rent. The lease provided, in substance, that the landlord should have a lien upon all per-

sonal property brought into the premises for use, whether exempt or not.

On April 22, 1931, the cause came on for hearing. The plaintiff and her counsel appeared in court ready for trial. The defendants did not appear personally or by counsel. Default was not taken, however, but plaintiff's attorney communicated with the attorney for the defendants by telephone. It is claimed that in this telephone conversation between the attorneys. for the respective parties, it was agreed that the plaintiff should take judgment against the defendants for $135.00. The presiding Judge was induced to go to the telephone and talk to defendants' counsel to verify this agreement. Accordingly, a judgment was entered in favor of the plaintiff and against the defendants for $135.00. The judgment provided:

"It is further ordered that a special execution issue for attachment of any and all property or goods kept or used by defendants on the premises, 3506 Second Street, and a general execution for any deficiency."

An execution was issued, and some property claimed to be exempt was levied upon.

On April 30, 1931, the defendants filed a motion to set aside the judgment, and an affidavit of merits. The motion, in substance, alleged that the portion of the judgment foreclosing the landlord's lien on all property, exempt or otherwise, under the lease, was fraudulently procured by the plaintiff in violation of the agreement the attorneys for the respective parties had over the telephone. Thereafter, the Municipal Court, Jordan, Judge, sustained the motion to set aside the judgment and decree. From this action of the court, the plaintiff has perfected this appeal.

I. Section 10681, found in Chapter 475, of the Code of 1931, pertaining to Municipal Courts, is as follows:

"10681. *Entry judgment—jurisdiction—setting aside default.* Judgments shall be rendered and entered upon the record in all cases within ten days after final submission of the cause, unless for good cause the court extends the time. The court shall retain jurisdiction, for the purpose of correction of errors of the court or in the record, for ten days after the entry of final judgment. Motions to set aside defaults may be

made within ten days after the entry thereof. *Motions to vacate a judgment or order, because of irregularity in obtaining it, must be made within ninety days from the entry thereof.*" (Writer's italics.)

It is apparent that under the foregoing provisions the motion to vacate the judgment because of alleged irregularities in obtaining it was filed within a proper time, and was a proper form of procedure in the Municipal Court.

Manifestly, there was an effort on the part of the attorneys for the respective parties in this cause to enter into an agreement as to the form of judgment which was to be entered in the cause. The trial court was drawn into the conversation. The plaintiff's attorney was present in court, and the trial court was induced to talk to the defendants' attorney over the telephone.

The defendant claims that plaintiff's attorney fraudulently procured that portion of the entry of judgment foreclosing the landlord's lien specified in the lease. The trial court, by reason of these facts, had some personal knowledge of the controversy involved at the time the motion to set aside the judgment was filed.

In all cases of this kind, where courts are called upon to either set aside defaults or to vacate judgments because of alleged irregularity in the procurement thereof, a very large discretion is vested in the trial court.

In Foley v. Leisy Brewing Company, 116 Iowa 176, this court said:

"A very large discretion is vested in the trial court in matters of this kind, and where it sets aside a default, thus allowing a trial on the merits, we will not interfere, unless in a manifest case of abuse. Cap. Sav. Bank & Trust Co. v. Swan, 100 Iowa 718. The trial court may even rest such action upon matters within its own knowledge. Willett v. Millman, 61 Iowa 123."

In White v. Walker, 212 Iowa 1100, this court said:

"The trial court exercises a wide discretion in granting a new trial, and this court is very reluctant to overrule its action in granting new trial. Werthman v. Railway Co., 128 Iowa 135; Ellyson v. Peden (Iowa), 146 N. W. 759 (not officially report-

1378

ed) ; Jelsma v. English, 210 Iowa 1065 ; Utilities Holding Corporation v. Chapman, 210 Iowa 994 ; McQuillen v. Meyers, 211 Iowa 388. Though it will do so if abuse of discretion is clearly shown. Stockwell v. The C. C. & D. R. Co., 43 Iowa 470 ; Utilities Holding Corporation v. Chapman, 210 Iowa 994.''

We find nothing in the record warranting the conclusion that the trial court abused its discretion.

The cause must be, and is,—Affirmed.

WAGNER, C. J., and EVANS, MORLING, and KINDIG, JJ., concur.