C. E. HEWITT, Administrator, Appellant, v. HARRY OGLE et al., Appellees.

No. 42580.

OCTOBER 23, 1934.

REHEARING DENIED FEBRUARY 9, 1935.

Watson & Watson, and M. R. Stansell, O. M. Slaymaker, and R. E. Killmar, for appellant.

Gibson & Stewart, and S. E. Prall, for appellees.

DONEGAN, J.—This case grows out of an automobile accident which occurred at a street intersection in the city of Indianola, Iowa. At the time of the accident, the plaintiff-administrator, accompanied by his wife, the decedent, was driving eastward in Third street in

said city, and the defendant Coltrane was driving an automobile owned by the defendant Ogle northerly in G street in said city. As a result of the collision, the plaintiff's wife received injuries from which she died about a week following the accident. The action, as originally brought, was against the defendants, Coltrane, the driver of the car, Ogle, owner of the car, and a Reverend H. G. Gibson, by whom the car had been rented from Ogle. Upon a former trial of the case the court directed a verdict in favor of the defendant Gibson, and submitted the case to the jury as to the other defendants. The jury disagreed, and the case was tried the second time. Upon the second trial the defendants Ogle and Coltrane filed separate motions for a directed verdict at the close of plaintiff's evidence and renewed said motions with some additions thereto at the close of all the evidence. The trial court sustained the motions, directed a verdict in favor of the defendants, and entered judgment thereon. Plaintiff appealed.

The motions of the defendants for a directed verdict were each based on several grounds and were sustained generally by the court. The motions, though separate, were practically identical as to many of the grounds thereof, and the first two grounds of each of said motions were, in substance: (1) That the plaintiff had failed to prove negligence on the part of the defendant; and (2) that the plaintiff had failed to prove freedom of his decedent from contributory negligence. If the court was correct in sustaining the motions on either one of these two grounds, the plaintiff-appellant cannot, of course, recover in this action, regardless of what the ruling should have been on the other grounds of the motions if each ground had been ruled on separately. While not deciding or even suggesting that the first ground of the motions should have been sustained, we deem it sufficient to consider only the second ground of the motions in regard to contributory negligence on the part of the plaintiff's decedent.

The evidence shows without dispute that the accident happened about 10 o'clock on a Sunday forenoon in the month of July, 1931; that the day was warm and clear; that neither of the intersecting streets was paved; that the graded portion thereof was dry and dusty and from 25 to 35 feet wide and the corners somewhat rounded; that plaintiff and decedent were married in 1905 and had lived in the vicinity of Indianola during all the time from their marriage until the time of the accident; that there was considerable travel

on both streets at this intersection; that G street south from the intersection runs through what is classed as a suburban district and there is no speed limit on this part of said street; and that neither the plaintiff nor his decedent saw the car of the defendants at any time before the collision occurred. There is no evidence on the part of the occupants of the defendant car or any other eyewitness to the accident. According to plaintiff's testimony, he was driving at a speed of approximately 10 miles per hour as the front wheels of his automobile passed over the sidewalk on the west side of G street and along the west side of the intersection. He testified that his own and the decedent's faculties of sight and hearing were good and that at this point both he and the decedent looked southward on G street. The evidence shows that there was no obstruction to the view to the southward and, according to his own testimony, he had a clear view of G street to the south of the intersection for a distance of from 225 to 250 feet before the surface of the street made a dip, and that he did not know whether or not a car could be seen beyond the point where this dip to the southward began. He further testified that neither he nor his decedent saw the car of the defendants when they looked to the southward; that they both then looked to the northward on G street, and, seeing no cars in that direction, proceeded across the intersection at a speed of about 10 miles per hour toward the east side of G street, without either of them again looking to the south; and that, when his car reached a point where the front part was going out of the intersection and where the back part of his car was about 25 feet east of the sidewalk along the west side of the intersection, the car of the defendants coming from the southward struck the rear right wheel of his car. He also testified that the length of his car was about 10 feet, and that at all times while proceeding into and across the intersection he could have stopped his car practically instantly.

From this testimony of the appellant it appears, therefore, that, from the time he and decedent looked to the south, as the front wheels of his car were just about on the crosswalk on the west side of the intersection, the rear of his car would have been about 10 feet to the west thereof, and, if at the time of the accident the rear of his car was 25 feet east of this sidewalk, he would have traveled a total distance of 35 feet from the time he and decedent looked to the southward until the collision occurred. As above stated, aside from the occupants of the cars, there was no eyewitness to the acci-

dent. One witness for the plaintiff testified that she saw the defendants' car as it approached the intersection and while it was somewhere between half a block and a block from the intersection, and, in her opinion, it was traveling from 40 to 50 miles an hour. This is the only evidence as to the speed of defendants' car, except an admission claimed to have been made by Coltrane in which he is alleged to have said that he was driving at a speed of 35 to 40 miles an hour.

Assuming that the defendants' car was traveling at the maximum speed as testified by plaintiff's witness, it would have traveled five times as fast as the plaintiff's car was traveling while crossing the intersection. The defendants' car could not have traveled more than 175 feet while plaintiff's car was traveling the 35 feet which he testified it had proceeded from the sidewalk on the west side of the intersection to the point where it was struck. There is other evidence which is not contradicted and which tends very strongly to show that the distance from the point where plaintiff claims that he and his decedent looked southward to the point where the road begins to make a dip is more than 300 feet, and there is no evidence that the so-called dip is sufficiently deep at any point so that a car at any point on the road for a distance of 600 feet south of the intersection could not be seen from the point where plaintiff testified that he and his wife looked. Leaving this testimony out of consideration, however, and taking the plaintiff's own testimony in which he states that he and decedent looked down the road southward and could see the surface of the road for 225 to 250 feet, it is quite apparent that the defendants' car must have been upon the road and in plain view of the plaintiff and his decedent at the time they reached the sidewalk on the west side of the intersection where he testified that they both looked to the southward.

Under the undisputed evidence and the physical facts it appears that the defendants' car must have been in plain view on G street and not more than 175 feet south of the intersection at the time that plaintiff and decedent looked to the south. We are not here dealing with a case where either plaintiff or his decedent saw the defendants' car approaching and thought that they would have time to proceed through the intersection before it came in collision with them. The direct and positive testimony of the plaintiff is that both he and decedent looked and that neither of them saw the defendants' car. As has been said in cases involving similar situations, either the

plaintiff and his decedent did not look, or, if they did look and did not see what was plainly in their view, they did not use ordinary care in looking. In either event, they were both guilty of contributory negligence, and contributory negligence on the part of decedent is, of course, an absolute barrier to recovery in this action. The physical fact rule applicable to situations such as that presented by the evidence in this case is so well established that it requires no extended citation of authorities. In Kemmish v. McCoid, 193 Iowa 958, loc. cit. 964, 185 N. W. 628, 630, we said:

"It was clearly the duty of Mrs. Kemmish, before entering the highway, to look to the north for approaching vehicles, and not to proceed into the highway if she saw one coming, unless, as a reasonably prudent and cautious person, she believed, and had a right to believe, that she could pass in front thereof in safety. If the approaching vehicle was traveling upon the west side of the traveled portion of the highway at such a rate of speed and so close to the intersection that the driver thereof would not, in the exercise of his statutory and common-law duty, have sufficient time to turn to the left and avoid a collision, then it was her duty to wait until the intersection was passed. If, on the other hand, she had looked and had seen a car approaching, and, as a reasonably prudent and cautious person, believed that she could pass safely into the highway, giving defendant such time and notice as would enable him, in the exercise of his duty, to turn to the left and avoid a collision, she would have a right to do so. She was not required to exercise an infallible judgment, but to use such care as a reasonably cautious and prudent person would exercise under the circumstances. Mrs. Kemmish does not claim, however, that she saw the approach of defendant from the north, nor that she believed that she had time to safely enter the highway and proceed southward thereon in the usual way of travel on the highway before defendant would reach the intersection, but claims that she looked and saw nothing. She is either mistaken in her belief that she looked immediately before going upon the highway, or else she failed to see the car, which must have been very close and in plain sight. In either case, she was negligent."

See, also, Beemer v. Chicago, R. I. & P. R. Co., 181 Iowa 642, 162 N. W. 43; Anderson v. Dickinson, 187 Iowa 572, 174 N. W. 402; Sackett v. Chicago, G. W. R. Co. 187 Iowa 994, 174 N. W.

658; Barboe v. Sioux City Service Co., 205 Iowa 1074, 215 N. W. 740; Whitman v. Pilmer, 214 Iowa 462, 239 N. W. 686.

We see no escape from the conclusion that the appellant's decedent was guilty of contributory negligence. The judgment is accordingly affirmed.

Appellant's motion to strike appellees' amendment to abstract, which was ordered submitted with the case, is hereby overruled.— Affirmed.

MITCHELL, C. J., and EVANS, ALBERT, and KINDIG, JJ., concur.