JANE ETHEL WILLIAMS, Appellee, v. HUBERT KEARNEY et al., Appellants.

No. 44212.

MARCH 8, 1938.

REHEARING DENIED JUNE 24, 1938.

Reed, Beers & Graham, for appellants.

Kepford & Kepford and Swisher, Swisher & Cohrt, for appellee.

KINTZINGER, J.—On a bright Sunday afternoon in November, 1936, plaintiff was riding astride on the seat of a motorcycle behind its driver. They were driving in a northerly direction on the right side of Mullan Avenue in the city of Waterloo, Iowa. When they reached Lafayette Street, which intersects Mullan Avenue, the motorcycle turned to the left and collided with the defendants car, which was being pushed southerly on the west side of Mullan Avenue by a truck driven by defendant Davis and owned by defendant Melrose Company.

The record shows that the motorcycle and the defendants' car and truck were within the plain view of the drivers of each vehicle. The evidence as to the speed of the vehicles was conflicting. Plaintiff's evidence tends to show that the speed of defendants' car and truck, as they approached the intersection, was from 30 to 40 miles an hour, while defendants' witnesses testified their speed was not over 10 or 15 miles an hour. The defendants' witnesses testified that the speed of the motorcycle as it approached the intersection was about 20 miles an hour, while the plaintiff and the driver of the motorcycle testified their speed was not over 10 miles an hour as they approached the intersection and turned to the left to go onto Lafayette

Street. There was also evidence tending to show that the street was icy in spots, that as the defendants' car and truck approached the intersection they were skidding for about 40 feet at 30 or 40 miles an hour, and that as the motorcycle was crossing the intersection defendants' car and truck were about 40 feet from the motorcycle sliding toward the intersection and colliding therewith on the west side of Mullan Avenue.

The driver of the motorcycle testified that he did not observe defendant's car approaching the intersection prior to the time he turned at the intersection, unless it was when about a block away. It must be conceded from the facts, however, that defendant's car was approaching this intersection and was in plain view of the driver of the motorcycle, had he looked when it was more than 40 feet away. Without setting out the evidence in detail, it may be conceded for the purposes of this appeal that the driver of the motorcycle was guilty of negligence in turning his motorcycle and traveling across the intersection in front of the approaching cars.

At the close of all the evidence, the defendants moved for a directed verdict upon the following grounds: (1) that plaintiff has failed to establish defendants' negligence; (2) that she has failed to establish her own freedom from contributory negligence in failing to keep a proper lookout for approaching vehicles just prior to the time the motorcycle turned across the intersection, and in failing to warn the driver of approaching automobiles; and (3) defendant Melrose Company also asked for a directed verdict because the evidence failed to show that its truck was driven with its consent.

It is clear from the record that this motion was sustained wholly upon the ground of plaintiff's failure to establish her freedom from contributory negligence. Plaintiff thereafter filed a motion for a new trial which the court also sustained wholly upon the ground that the question of plaintiff's contributory negligence was one for the jury.

■■■ The question in this case, therefore, is whether or not the trial court erred in sustaining plaintiff's motion granting a new trial. The general rule is that the trial court is vested with a large discretion in passing upon a motion for a new trial, and unless that discretion is abused this court will not interfere. Greene v. Lagerquist, 217 Iowa 718, 252 N. W. 94; Western Fruit & Produce Co. v. Buzzard, 199 Iowa 834, 202 N. W. 759;

Thornton v. Boggs, 213 Iowa 849, 239 N. W. 514; Leake v. Azinger, 214 Iowa 927, 243 N. W. 196; Manders v. Dallam, 215 Iowa 137, 244 N. W. 724.

In Greene v. Lagerquist, 217 Iowa 718, l. c. 719, 252 N. W. 94, this court said:

"We are more reluctant to interfere with the granting of a new trial than with the refusal to allow the relief. A trial court is vested with a large discretion in passing upon a motion for a new trial. Unless that discretion is abused, this court will not interfere. Such abuse must affirmatively appear."

**■■■** The question arising in this case, therefore, is whether the district court abused its discretion in granting a new trial. In determining this question, a review of the evidence relating to the conduct of plaintiff at the time and place in question is necessary. In considering this question it must be remembered that the negligence of the driver of a motor vehicle is not ordinarily imputed to a passenger or guest in the car, and there is nothing in this case tending to take it out of the general rule. Therefore, although it be conceded for the purpose of this case that the driver of the motorcycle was guilty of negligence, his negligence is not imputed to plaintiff. The burden, however, is still upon plaintiff to show that she was free from any act of negligence on her part contributing to her injuries. Although the same degree of care and caution may not be required of a guest or passenger to constitute due care, such passenger or guest must show, however, that he exercised ordinary care on his part, and was not guilty of any negligence which in any manner contributed to the injuries.

**■■■** The evidence bearing upon her conduct shows that the motorcycle in question was equipped with only one large seat, and plaintiff and the driver were both seated thereon. Plaintiff was seated directly behind and close to the driver on the same seat. The motorcycle was traveling north on Mullan Avenue, and up to the time the driver started to make his turn into the intersection for the purpose of turning into Lafayette Street, plaintiff had no knowledge of the driver's intention to turn on Lafayette Street until he began to make the turn. As soon as plaintiff knew of the driver's intention to turn to the left, she held out her left arm. The testimony shows that the street in question was very icy in spots, and that there was more or less

danger of the motorcycle skidding on the icy street if plaintiff attempted to stand up for the purpose of looking ahead to see what was coming. This danger was, of course, increased when the motorcycle began to make its turn.

Plaintiff was only 5 feet 2 inches tall, while the driver of the motorcycle was 6 feet 1 inch tall. The evidence tends to show that on account of plaintiff's position immediately behind and close to the driver, and on account of his size, plaintiff was unable to see the vehicular traffic on the road ahead without hazard to the motorcycle. Up until the time plaintiff was apprised of the driver's intention to make a turn, it cannot be said as a matter of law that it was her duty to stand up for the purpose of looking at the roadway ahead. She did not know of the approach of defendants' car and truck from the opposite direction until the motorcycle began its turn to the left at the intersection, and at that time the approaching car and truck were only 40 feet away and sliding toward them at the rate of 30 or 40 miles an hour.

It is true we have held in some cases that where the passenger or guest in an *automobile* is seated on the front seat of an automobile with the driver and has as good a view ahead as that of the driver, it may constitute contributory negligence on the part of the guest if he fails to see approaching danger and warn the driver thereof. Sackett v. Chicago, Great Western R. Co., 187 Iowa 994, 174 N. W. 658; Hewitt v. Ogle, 219 Iowa 46, 256 N. W. 755; Anderson v. Dickinson, 187 Iowa 572, 174 N. W. 402; Hutchinson v. Sioux City Service Co., 210 Iowa 9, 230 N. W. 387.

No such situation exists in this case. Plaintiff was seated behind the driver in such a position that it was impossible to see ahead of him without being in danger of upsetting the motorcycle on account of the icy street. A passenger or guest is not required to anticipate the movements of the driver and is only required to exercise the care of a reasonably prudent person under the same or similar circumstances.

■■■ Ordinarily, the question of plaintiff's contributory negligence is peculiarly one for the jury. Carpenter v. Wolfe, 223 Iowa 417, 273 N. W. 169; Stingley v. Crawford, 219 Iowa 509, 258 N. W. 316; Schwind v. Gibson, 220 Iowa 377, 260 N. W. 853; Hamilton v. Boyd, 218 Iowa 885, 256 N. W. 290; Hewitt v. Ogle, 219 Iowa 46, 256 N. W. 755; Rogers v. Jefferson,

Iowa, 272 N. W. 532; O'Hara v. Chaplin, 211 Iowa 404, 233 N. W. 516.

In O'Hara v. Chaplin, 211 Iowa 404, l. c. 412, 233 N. W. 516, this court said:

" 'If there is a conflict in the evidence as to what the person accused of contributory negligence did or did not do, the question is then one for the jury. Likewise, even though it is known what was done by that individual in this regard * * * yet, if his conduct is such that there may fairly be different opinions with respect to it, and one man honestly and reasonably says it was in accord with ordinary prudence, while another, just as sincerely, and with equal reason, contends it was not, then there is a jury question.' "

In Rogers v. Jefferson, Iowa, 272 N. W. 532, l. c. 534 [Opinion as modified, 223 Iowa 718], this court said:

"We have frequently held that whether or not an invited guest in an automobile over which he has no control is guilty of contributory negligence is peculiarly a question for the jury, as is the question of negligence of a guest riding in the back seat of an automobile."

Under the facts shown in this case, it is our conclusion that the question of whether or not plaintiff was guilty of contributory negligence is clearly one for the jury. As this was the only question considered by the lower court in its ruling on the motions for a directed verdict and for a new trial, it is unnecessary to consider other questions presented.

For the reasons hereinabove expressed, it is our conclusion that the lower court did not abuse its discretion in granting a new trial. The judgment of the lower court is, therefore, hereby affirmed.—Affirmed.

STIGER, C. J., and ANDERSON, DONEGAN, HAMILTON, SAGER, and MILLER, JJ., concur.