INEZ J. ERICKSON, individually and as administratrix of estate of Joel Morris Erickson, deceased, appellee, v. DUANE RODGER THOMPSON, appellant.

No. 51556.

(Reported in 135 N.W.2d 107)

782

May 4, 1965.

784

Ross H. Sidney of Austin, Grefe & Sidney, of Des Moines, for appellant.

Larson & Larson, of Story City, and Clark & Clark, of Ames, for appellee.

PETERSON, J.—This is a law action for damages by plaintiff, for herself and Joel Morris Erickson's estate. It stems from an automobile wreck which happened at the intersection of highway No. 69 and an east and west gravel road, about five and one-half miles north of Ames in Story County. Plaintiff sued defendant, Duane Rodger Thompson, alleging he caused Mr. Erickson's car to be pushed across the highway into the opposite southbound lane of the highway, striking a car driven by one J. C. Gates, and causing fatal injuries to Mr. Erickson. Jury rendered a verdict for defendant. Upon plaintiff's motion the trial court granted a new trial. Defendant appeals.

I. On March 6, 1963, at about 3 p.m., Mr. Erickson was driving a "Chevy" II Fordor sedan north on primary highway 69. He had reached the intersection where the collision occurred. Mr. Erickson was alone in his auto. Defendant, Duane Rodger Thompson, was following decedent driving a Ford station wagon some distance to the rear. Both cars were going north. Mr. Gates was on the opposite side of the highway driving south.

Mr. James W. Morgan was proceeding north ahead of Mr. Erickson. Morgan turned off at the intersection above referred to and proceeded on the gravel road in an easterly direction. The only witnesses to what happened were Mr. and Mrs. Gates who were traveling south, and pulling some farm machinery behind the car. Defendant Thompson was driving the Ford station wagon following Mr. Erickson.

Outside of the testimony of Mr. and Mrs. Gates, the only other evidence on behalf of plaintiff was the testimony of the highway patrolman, the deputy-sheriff and Morgan. The patrolman did not see the accident. He came to the scene a short while after the occurrence. He testified he examined the skid marks of Mr. Thompson's car. He said the skid marks started about 100 to 110 feet south of the intersection. They were clear and noticeable for at least the last 10 to 15 feet before the point of impact.

Mr. Gates testified he thought Mr. Erickson was driving slowly back of the Morgan car, which turned to the east immediately ahead of him. Mr. Thompson, the defendant, was the only witness on behalf of himself and he testified Mr. Erickson was stopped on the highway. He said he had driven over the crest of a hill about 600 to 700 feet south of the intersection.

When defendant drove over the crest he was going about 65 miles per hour. He then saw the cars in the distance, but not distinctly. He proceeded along highway 69, and when he came within 100 to 110 feet of the Erickson car he slowed up materially. He then noticed the Erickson car was stopped and that the gap between his car and the Erickson car was rapidly closing. When he was from 10 to 15 feet of the Erickson car he realized, since the car was stopped, that he might strike it. He could not drive to the left because Mr. Gates was driving south on that side of the roadway. He tried to drive to the right into the ditch, but there was apparently some snow or ice on the paving because his wheels would not turn. He then hit the Erickson car. It was pushed across the road into the Gates car and both cars went into the ditch on the west side of the paving. Mr. Thompson's car went into the ditch on the east side of the paving. He was somewhat dazed and was sitting in his car when the highway patrol officer came to the scene a short time afterward. The officer sent him to the hospital. However, he was not seriously injured.

The matter of negligence of defendant was clearly a matter for the jury and the trial court so instructed, clearly and definitely.

The important question in this case is whether the trial court abused its discretion in granting a new trial. The court has broad and wide discretion in this field. Abuse must clearly

appear before this court is justified in interfering and reversing such order by a trial court. Jordan v. Schantz, 220 Iowa 1251, 264 N.W. 259; Gregory v. Suhr, 221 Iowa 1283, 268 N.W. 14; Williams v. Kearney, 224 Iowa 1006, 278 N.W. 180; Mitchell v. Brennan, 213 Iowa 1375, 241 N.W. 408; Eby v. Sanford, 223 Iowa 805, 273 N.W. 918.

It may be inferred from defendant's own testimony he had an unobstructed view of decedent's car from an elevated distance. Two disinterested witnesses fix the distance at 600 feet, and another at 600 to 700 feet. He admits he was traveling 65 miles an hour. He says he was unable to tell when he first saw the Chevy II whether it was moving or stopped, yet he proceeded without attempting to effectively reduce his speed until it was too late to avoid striking decedent's car, sending it into the opposite lane of this busy highway. This is persuasive evidence of defendant's negligence.

It appears not to be of vital importance whether decedent's car was stopped or moving slowly when defendant struck it from the rear. Defendant in effect admits he was alerted to the fact it may have been stopped when he was such a distance from it that the collision could have been avoided had he exercised reasonable care. From then on he had no right to assume it was moving.

Only defendant testified decedent was stopped. Morgan, a college graduate schoolteacher, said he was sure decedent did not come to a stop. Gates, the southbound driver, testified decedent was still moving and he did not see him stop. Mrs. Gates testified that the last she saw immediately before the impact decedent's car was over on the east half of the highway, still moving. All three witnesses were disinterested.

It does not clearly appear it was an abuse of discretion for the trial court to feel the verdict was contrary to the evidence, or was not sustained by sufficient evidence, a ground for new trial by statute or rule for over 105 years. See rule 244(f), Rules of Civil Procedure, and statutes superseded thereby. We have no difficulty finding in the instructions to the jury adequate basis for the grant of a new trial in the interest of justice.

II. The action was in two counts or divisions; the first by

the widow as administratrix of decedent's estate for the pecuniary loss thereto. The second was by the widow individually for her own loss of consortium between the times of his injury and death (just three months during which decedent, with two fractures in his skull, never regained consciousness). It is apparent, in view of the short period between injury and death, the widow could not have sustained a large amount of damages under the second count. Also, decedent and his wife were 59 and 56 respectively at the time of injury and had been married only two and one-half years.

The court included in a single instruction (No. 6) what plaintiff (there were really two plaintiffs) in each count must prove in order to recover on both causes of action. In this vital instruction, probably—as is usually true—the most important of all, the jury was told: "In order for plaintiff-administratrix and plaintiff herself in her own right to recover against defendant, she must prove by a preponderance of the evidence each and all of the following propositions."

Propositions 1, 2 and 3 respectively are that defendant was negligent in one or more of the four respects charged; such negligence was the proximate cause of the injuries and damages sustained; decedent was not guilty of contributory negligence. The fourth proposition is: "4. That decedent's estate suffered damages as a result of the negligence of defendant, and the amount thereof, *and* that plaintiff herself suffered damages as a result of the negligence of defendant" (emphasis added).

Instruction 6 goes on to require a finding plaintiff-administratrix must prove each and all of the foregoing propositions by a preponderance of evidence in order to recover and a like finding in order for plaintiff in her own right to recover. The instruction then states, "However, if you find that she has failed to prove * * * one or more of the foregoing propositions, then she cannot recover against defendant."

The quoted parts of this instruction erroneously require proof that both the estate and the widow herself suffered damages in order for either to recover. Of course the estate should not have been compelled to prove, in order to recover on Count I, damages claimed by the widow in Count II. Nor, of less im-

portance, should the widow have been compelled to prove, in order to recover on her Count II, damages claimed by the estate in Count I. Each count stated a separate cause of action and should have been so treated in the instructions. It is usually unwise to attempt to state in a single instruction what must be proved in order to recover on more than one cause of action.

The least that may fairly be said of instruction 6 is that it may have been very confusing to the jury. Whether viewed as erroneous, as we believe it was, or merely confusing, it may account for the verdict.

III. Instruction 8 deals with the familiar requirement of section 321.285, Code, 1962, "no person shall drive any vehicle * * * at a speed greater than will permit him to bring it to a stop within the assured clear distance ahead."

Instruction 8 states: "The second charge of negligence made by plaintiff-administratrix against defendant is that he failed to drive his automobile at a careful and prudent speed and at a speed greater than that which would permit him to bring it to a stop within the assured clear distance ahead."

Thus the jury was told plaintiff charged defendant *failed* to drive at a speed greater than would permit him to stop within the assured clear distance. In fact plaintiff charged defendant did drive at a speed greater than would permit him to stop within such distance. It is obvious instruction 8 should have stated the charge as made or the word "not" or "no" should have been inserted before "greater" in the quoted portion of the instruction. But this is only a small part of the fault to be found with the instruction.

Instruction 8 goes on to quote the statutory prohibition against driving at a speed greater than will permit stopping within the assured clear distance. It continues, "a violation of this requirement constitutes negligence *unless such failure* to observe the law is caused by the failure of another to observe the law or by a sudden emergency not of the driver's own making." The instruction then defines "assured clear distance ahead" in the familiar language approved by us many times.

The instruction concludes by saying defendant would be negligent if he drove at a speed greater than would permit stop-

ping within the assured clear distance *"unless such failure* was caused in whole or in part by some violation of the law by decedent. *The burden is upon plaintiff to prove by a preponderance of evidence defendant failed in his duty as above set out."*

The inclusion of the proviso or exception commencing with "unless such failure", in each of the last two paragraphs, and the last sentence, was error under this record. No issue was raised that this crash was caused by the failure of a third party to observe the law. If defendant had made such allegation the burden would have been upon him to prove it, not upon plaintiff to disprove it. McMaster v. Hutchins, 255 Iowa 39, 47, 48, 120 N.W.2d 509, 513, 514, and citations.

Although plaintiff was of course required to prove defendant's negligence was the proximate cause and decedent's freedom from contributory negligence, she was not required to go further and prove the failure of a third party to observe the law was not a cause of the collision. Ibid.

As to an emergency not of the driver's own making, this is one of the four legal excuses for violation of a statutory requirement recognized in Kisling v. Thierman, 214 Iowa 911, 916, 243 N.W. 552, and the many precedents that have followed it. This record indicates defendant made no claim in the trial court of any legal excuse. If defendant claimed a legal excuse the burden would have been upon him to prove it, not upon plaintiff to disprove it. Pinckney v. Watkinson, 254 Iowa 144, 151, 116 N.W.2d 258, 262, and citations; McMaster v. Hutchins, supra, and citations; Overturf v. Bertrand, 256 Iowa 596, 605, 128 N.W.2d 182, 187. The effect of instruction 8, including as it does the italicized sentence, supra, was to require plaintiff to disprove a legal excuse which was not claimed.

Further, to be available as a legal excuse an emergency must not be of the driver's own making in whole or in part. No jury could properly find there was an emergency here not, "at least in considerable part", of defendant's own making: Wachter v. McCuen, 250 Iowa 820, 827, 96 N.W.2d 597, 601; Winter v. Moore, 255 Iowa 1, 4–8, 121 N.W.2d 82, 83–86; Mass v. Mesic, 256 Iowa 252, 255, 127 N.W.2d 99, 101; Overturf v. Bertrand, supra, 256 Iowa 596, 604, 605, 128 N.W.2d 182, 187,

188. The order appealed from correctly points out there was no sufficient evidence of an emergency not of defendant's own making. The reference in instruction 8 to such an emergency was therefore error.

With regard to the exception or proviso in the last paragraph of the instruction, supra, to "some violation of the law by decedent", assuming this was not objectionable, although the matter was really one of freedom from contributory negligence, the jury should have been told somewhere what provisions of law decedent was required to observe and not left to guess what they were. Nowhere was the jury so instructed.

IV. One of the charges of negligence in both counts of the petition was defendant's failure to have his vehicle under control and reduce the speed to a reasonable and proper rate in approaching an intersection of public highways, in violation of Code section 321.288. There was clearly ample evidence to warrant submission of this charge. It was error not to submit it. The fact there was another, later charge of negligence in the petition—merely lack of control, which was submitted, does not render the error nonprejudicial. The jury should have been told of the statutory requirement, including the duty to reduce speed to a reasonable and proper rate in approaching the intersection.

V. The first charge of negligence which was submitted was defendant's alleged following decedent's vehicle more closely than was reasonable and proper, in violation of section 321.307. The order appealed from recites, correctly as we believe, it was error to submit this charge because of insufficient evidence to support it. Also that submission of the charge tended to confuse the jury as to the real controversy.

Submission of a charge of defendant's negligence where there is insufficient supporting evidence is usually deemed prejudicial to defendant, not to plaintiff. Nevertheless it is conceivable that submitting this first charge did tend to confuse the jury and divert its attention from the vital issues properly in the case.

VI. The fact plaintiff did not object to the instructions because of the matters above pointed out does not prevent our consideration of them in determining whether it has been shown the order for new trial was a clear abuse of discretion.

Schneider v. Keokuk Gas Service Co., 250 Iowa 37, 43, 92 N.W. 2d 439, 443; Coleman v. Brower Constr. Co., 254 Iowa 724, 732, 119 N.W.2d 256, 260, 261; McMaster v. Hutchins, supra, 255 Iowa 39, 48, 120 N.W.2d 509, 514; Coulthard v. Keenan, 256 Iowa 890, 897, 129 N.W.2d 597, 601.

 Nor is it necessary reversible error was committed. upon the trial. If such were the rule the trial court's power to correct a failure of justice would be meaningless. Hall v. West Des Moines, 245 Iowa 458, 463, 62 N.W.2d 734, 737; Nicholson v. City of Des Moines, 246 Iowa 318, 330, 67 N.W.2d 533, 540; Coulthard v. Keenan, supra, 256 Iowa 890, 898, 129 N.W.2d 597, 602, and citations. See also Larew v. Iowa State Highway Comm., 254 Iowa 1089, 1094, 120 N.W.2d 462, 464.

Four of the five decisions cited in defendant's reply brief affirm such an order as we have here. In the fifth, Mazur v. Grantham, 255 Iowa 1292, 1302, 125 N.W.2d 807, 813, we concluded the order for new trial was primarily based on claimed errors of law we could not sustain, rather than a miscarriage of justice.

Another precedent, cited in defendant's opening brief, Jacobsen v. Gamber, 249 Iowa 99, 86 N.W.2d 147, "more nearly resembles the cases in which the order for a new trial is based on an erroneous determination of a law question. Such cases present primarily the law question involved rather than the exercise of discretion. In re Estate of Murray, 238 Iowa 112, 114, 26 N.W.2d 58, 60, and citation." Coleman v. Brower Construction Co., supra, 254 Iowa 724, 733, 119 N.W.2d 256, 261.

It may fairly be asserted able counsel for defendant cites no authority which supports a reversal. Their briefs closely resemble those of appellant in several recent cases which, without a dissenting vote, affirm such an order as this.—Affirmed.

GARFIELD, C. J., and LARSON, SNELL and MOORE, JJ., concur.

THORNTON, THOMPSON and STUART, JJ., concur specially.

HAYS, J., not sitting.

THORNTON, J. (concurring specially) — In this case the plaintiff-appellant did invoke the broad inherent power of the

court to grant a new trial in the interest of substantial justice. It should be pointed out such power referred to in rule 344(f)3, Rules of Civil Procedure, is not the same as the power to grant a new trial under rule 244, Rules of Civil Procedure.

In her motion for a new trial plaintiff points particularly to instruction No. 8. It is erroneous substantially as pointed out in the majority opinion. That alone is sufficient to sustain the grant of a new trial. Instruction No. 6 is also in error and the specification of negligence on following too closely should not have been submitted as there was insufficient evidence to sustain a finding thereon.

I disagree with that part of Division I that reads as follows, "It does not clearly appear it was an abuse of discretion for the trial court to feel the verdict was contrary to the evidence, or was not sustained by sufficient evidence, a ground for new trial by statute or rule for over 105 years. See rule 244(f), * * *." What rule 244(f), Rules of Civil Procedure, states is, "That the verdict, report or decision is not sustained by sufficient evidence, or is contrary to law;".

We should remember we are considering a defendant's verdict. The burden of proof is on plaintiff. In this case, she must prove an alleged act of negligence was a proximate cause of the damage and injury. From the evidence produced by plaintiff, that of Mr. and Mrs. Gates in the southbound car in the west lane, the jury could find the Morgan car that turned right off of highway 69 into the gravel road did not give a signal for the right turn. Record, page 57, lines 25, 26; Record, page 52, lines 4–11; Record, page 61, lines 8–16; and Record, page 63, line 34 to page 64, line 1. This caused plaintiff's decedent to brake his car suddenly to avoid the Morgan car. Record, page 52, lines 32, 33; Record, page 58, line 1; and Record, page 59, lines 18, 19 and 25–27.

The jury could also find the Morgan car had not completed the turn and was not off the pavement at the time of collision. Record, page 54, lines 1, 2; page 60, lines 33, 34; and page 61, line 1.

From this the jury could properly find the proximate cause of the accident was the failure of the Morgan car to signal for

the right turn, thus causing decedent to brake his car suddenly and pull to the left, that such was the cause of the accident, not defendant striking decedent's car from the rear.

It should be remembered the distance from the top of the hill south of the intersection was 600 feet from the intersection, the length of two normal city blocks, and the speed limit on the highway 70 miles per hour.

THOMPSON and STUART, JJ., join in this special concurrence.