CLINTON D. RICE, appellee, v. J. R. MCDONALD et al., appellants.

No. 51894.

(Reported in 138 N.W.2d 889)

374

Mullin & Mullin, of Creston, and Ralph J. Bellizzi, of Des Moines, for appellants.

Killmar, Reynoldson & Harvey, of Osceola, for appellee.

LARSON, J.—This action for damages resulted from a no-contact accident when plaintiff's tractor-trailer was driven on the shoulder of a highway to avoid a collision with vehicles stopped on the traveled portion thereof. The issues presented were, whether defendants were negligent, whether defendants' negligence was the proximate cause of plaintiff's damages, and whether plaintiff's driver was guilty of contributory negligence. Pursuant to trial, they were decided in favor of plaintiff and the jury awarded him damages in the sum of $2229.68. Judgment was entered accordingly. Defendants' motions for judgment notwithstanding the verdict and for a new trial were overruled and they appeal.

Assigned as error was the trial court's failure (1) to direct a verdict at the close of plaintiff's evidence and at the close of all evidence, (2) to sustain defendants' motion for judgment notwithstanding the verdict, (3) to give defendants' Requested Instruction No. 1 regarding brakes on plaintiff's vehicle, (4) to grant defendants' motion for a new trial, and in giving Instruction No. 9 regarding contributory negligence and Instruction No. 8 regarding sudden emergency.

This accident occurred on June 21, 1963, about two miles south of Afton, Iowa, on U. S. Highway 169, about 7 p.m. The concrete pavement with an asphalt surface, 18 feet wide, was dry, and visibility was good. The mishap occurred on a hill sloping south about 830 feet from the crest. At that point on

the west side of the road there was a weed-covered culvert which extended five feet from the edge of the pavement and then became an open ditch. The shoulder on each side of the culvert for some distance was approximately ten feet wide, with a grader ditch parallel with the road beyond it. The grade from the crest of the hill to the culvert was six percent.

It appears the defendants James McDonald and Lowell Hagle and two other persons had gone to the residence of the defendant Vernon King, who lived on the east side of the highway near the crest of the hill, to look at a Ford car which was for sale. When the car would not start, Hagle, in the McDonald car, pushed the Ford, driven by James McDonald, down the King driveway onto the highway and then south down the hill. When the bumpers of these cars became locked, they stopped on the pavement about 498 feet beyond the culvert for the purpose of disengaging them.

About that time a Missouri truck loaded with corn, driven by Mr. Harry Angle, came over the hill from the north, and the boys made an effort to flag him down. He was either stopped, or nearly so, as he reached the culvert referred to above.

Immediately thereafter the plaintiff's rig, some 45 feet long with a gross weight of over 59,000 pounds, driven by Barton French who was familiar with this road, also headed south, came over the hill. There was an automobile approaching from the south in the east lane of travel and, when it appeared to French he was not going to get stopped without colliding with the Missouri truck, he pulled to his right onto the shoulder, dropped into the invisible open culvert, seriously damaging his tractor and ripping a hole in the trailer from which corn poured onto the ground. Other facts will appear as we consider the assigned errors.

I. In considering the propriety of a directed verdict for defendants, or a judgment for defendants notwithstanding verdict for plaintiff, the court must give plaintiff's evidence the most favorable construction it will reasonably bear. Rule 344 (f)2, Rules of Civil Procedure.

Appellants admit this rule and concede their negligence, but contend plaintiff's evidence on the issues of freedom from

contributory negligence and proximate cause was insufficient to submit to the jury, that plaintiff failed to prove those affirmative allegations by a preponderance of the credible evidence. Rule 344(f)8, R. C. P. In short, although conceding that generally questions of contributory negligence and proximate cause are for the jury, appellants claim this is the exceptional case where these issues should have been decided as a matter of law. Rule 344(f)10, R. C. P. We have said an exceptional case is where under the entire record plaintiff's contributory negligence is so palpable that reasonable minds may fairly reach no other conclusion. Then and only then does the question become one of law for the court. Auen v. Kluver, 250 Iowa 619, 622, 95 N.W.2d 273, 275, and citations; McClenahan v. Des Moines Transit Co., 257 Iowa 293, 298, 132 N.W.2d 471, 474, and citations.

In our recent case of Schneider v. Swaney Motor Car Co., 257 Iowa 1177, 1182, 1183, 136 N.W.2d 338, 342, we quoted with approval from Brinegar v. Green (Iowa), 117 F.2d 316, 319, where the court said: "The determination of the existence of negligence where the evidence is conflicting or the undisputed facts are such that fair-minded men may draw different conclusions from them is a question of fact for the jury and not one of law for the court."

Appellant cites Peterschmidt v. Menke, 249 Iowa 859, 89 N.W.2d 152, and Beezley v. Kleinholtz, 251 Iowa 133, 100 N.W. 2d 105, as examples of exceptional cases where we held the evidence disclosed negligence on the part of plaintiff as a matter of law. They are not applicable here. In the cases cited the plaintiff deliberately took a chance or admittedly violated a due care statute without legal excuse. Kisling v. Thierman, 214 Iowa 911, 243 N.W. 552. Here reasonable minds could differ as to the propriety of plaintiff's actions as he descended the hill and attempted to avoid a collision. We do not decide whether plaintiff's driver exercised infallible judgment, but whether there is sufficient evidence that a jury could find defendants' acts were a proximate cause of this accident, whether plaintiff had shown himself free from contributory negligence, and whether, if negligent, he had shown a legal excuse. Clearly, defendants' stop upon the traveled portion of the highway would justify a finding

that the stop was illegal and was a proximate cause of the accident. There was a violation of section 321.354, Code, 1962, without a legal excuse. Pinckney v. Watkinson, 254 Iowa 144, 116 N.W.2d 258.

■ However, it is also clear plaintiff's negligence, if any, although not a proximate cause, would defeat his recovery if it contributed in any manner or degree to the damage. Clubb v. Osborn, 256 Iowa 1154, 1161, 130 N.W.2d 648, 653, and citations.

■ When plaintiff's rig came over the hill and commenced its descent, the driver French testified he was about 600 feet from the Missouri truck which was slowing or stopped in his lane of travel. He said he was then in third gear and estimated his speed at 13 to 15 miles per hour, that 15 or possibly 20 miles per hour was top speed in that gear, and said he never changed gears until after he had gone into and out of the culvert. He testified: "I saw the truck and immediately thereafter I saw two vehicles ahead of it, and they had the appearance of being stopped and this other vehicle coming up the road toward me on my left and I reacted to the best of my ability. I put on every semblance of a brake that was available. I threw the emergency switch on both the hand lever and the foot brake." The grade was steep and, when the nearly thirty-ton vehicle did not slow fast enough, French said he became fearful of a collision with the Missouri truck. When about 150 feet from it, he pulled off onto the right shoulder which seemed sufficiently wide to allow a passage, that his speed was then reduced to about ten miles per hour, that when he hit the open culvert, the rig was thrown to the right into the shallow grader ditch. Although the damage to his tractor and trailer occurred at that point, he feared a possible turnover unless he could get back on the pavement before reaching a deep gully ahead. He shifted to low gear and drove back on the pavement. Does this evidence compel a finding that French was negligent or failed to exercise due care? Defendants do not rely solely on the answer to that question, but contend in the alternative that "Either the brakes on the plaintiff's truck were inadequate, or if the brakes were adequate, plaintiff's driver failed to exercise due care, after cresting the hill, and his negligence was the proximate cause of the accident." On the issue of

due care we may agree that the evidence would permit a finding that French was negligent in his lookout, control and speed under the circumstances, and that such negligence was a proximate cause of this accident, but we are well satisfied it does not compel such a finding.

Reasonable minds might disagree as to whether French acted as a reasonably prudent man when he came over the hillcrest and was able to see and comprehend the situation. They could find the situation totally unexpected, and that by the time French was able to comprehend it and operate the braking devices, his heavily-loaded vehicle had gathered sufficient momentum that it could not be stopped without colliding with the truck some 600 feet ahead, that he had not failed to keep a proper lookout, that he had the vehicle under control and was operating it at a speed which would permit him to bring it to a stop within the assured clear distance ahead, granting others using the highway were obeying the law. There was no evidence of driver incompetency or excessive speed as French crested the hill, and no warning given of the situation ahead, so until he started down the hill, discovered and fully comprehended the hazard, if it was a hazard, he could not make a decision and carry it out. Whether it was proper and fast enough, we think, was a fact question.

In this regard we note the comments of the court in Leinen v. Boettger, 241 Iowa 910, 44 N.W.2d 73, McKern v. Wabash Railroad Co., 195 Iowa 410, 192 N.W. 152, and Kern v. Des Moines City Ry. Co., 141 Iowa 620, 118 N.W. 451, the latter two cases being referred to in Leinen. In substance, it is said that where the defendants create a peril it cannot be heard to complain too much if the acts of the plaintiff, in attempting to avoid it, are not fast or good enough to avoid injury or damage. It is said, in such situations "Perfect care or judgment is not given to mankind, and if a person exposed to danger conducts himself with the caution which may reasonably he expected of a person of ordinary prudence and ordinary presence of mind, he is not to be charged with fault, even though, as a matter of cool afterthought or mature consideration, he might better have done otherwise."

So here, while there was testimony of an experienced trucker

that one should be able to stop such a rig on that hill within 250 feet, the situation might be quite different if the driver were taken by surprise. Under this evidence it cannot be said as a matter of law plaintiff did not act reasonably or was guilty of any negligence in the things he did in an effort to avoid an accident.

II. The trial court held there was not sufficient evidence of inadequate brakes on plaintiff's vehicle to submit that issue to the jury, did not include it in its Instruction No. 9 on contributory negligence, and refused to give defendants' Requested Instruction No. 1 relating to the adequacy of the brakes on plaintiff's rig. Due and timely objections were taken.

In their specifications charging plaintiff with contributory negligence, defendants alleged plaintiff's vehicle had defective brakes. Defendants' Requested Instruction No. 1 stated:

"The laws of Iowa provide that the service brakes upon any motor vehicle when upon dry asphalt or concrete pavement surface free from loose material, where the grade does not exceed one percent, when traveling twenty miles an hour shall be adequate to stop such vehicle having a gross weight in excess of five thousand pounds within a distance of forty-five feet. A failure to comply with this provision of law constitutes negligence.

"If in applying this standard to the facts in this case you find that the plaintiff has failed to comply with the law as to the minimum requirements of service brakes and you find this failure contributed to the accident, then the plaintiff cannot recover and you must find for the defendants."

We find no testimony as to the distance this rig could be stopped on a one percent grade traveling twenty miles per hour, or no expert testimony to transpose or relate that standard to the facts in this case. The jury could not be allowed to speculate as to its applicability here, and the instruction was properly rejected.

Since defendants' answer specified the respect in which plaintiff failed to comply with the law regarding brakes and the evidence does not show a violation in the respect so claimed, defendants were not entitled to have submitted to the jury some other issue as to brakes not pleaded and apparently not relied upon at the trial.

III.   Appellants next contend the court erred in giving Instruction No. 8 in regard to sudden emergency, stating under the facts there was no such issue in this case. We do not agree.

One who claims excuse on the ground of emergency has the burden to prove by a preponderance of the evidence not only that fact but also the fact that it was not created by his own act. Pinckney v. Watkinson, supra, 254 Iowa 144, 116 N.W.2d 258.

It is, of course, true that the sudden emergency rule cannot be invoked by one whose negligent conduct created the emergency, in whole or in part. Clubb v. Osborn and Pinckney v. Watkinson, both supra; Erickson v. Thompson, 257 Iowa 781, 789, 135 N.W.2d 107, 112, and citations; Hartford Fire Ins. Co. v. Lefler, 257 Iowa 796, 805, 135 N.W.2d 88, 93, and citations.

However, the nature and extent of an emergency is usually a fact question and if the party urging the existence of "sudden emergency" sustains his contention by substantial evidence that such an emergency had developed as would constitute a legal excuse for some omission of duty on his part, the jury should be instructed thereon. Hartford Fire Ins. Co. v. Lefler. supra; Cunningham v. Court, 248 Iowa 654, 82 N.W.2d 292; Harris v. Clark, 251 Iowa 807, 103 N.W.2d 215; Luppes v. Harrison, 239 Iowa 880, 32 N.W.2d 809; Pinckney v. Watkinson, supra; Mathews v. Beyer, 254 Iowa 52, 116 N.W.2d 477.

It is well settled that a person is not entitled to the benefit of the emergency rule if it clearly appears he either had actual knowledge of a dangerous situation or in the exercise of reasonable care could have such knowledge in time to act in relation thereto. Hartford Fire Ins. Co. v. Lefler, supra; 65 C. J. S., Negligence, section 252. In some ways this situation is like the one in Pinckney v. Watkinson, supra, where we said at page 150 of 254 Iowa: "Plaintiff concedes, as he must, that if the jury found he was stopped illegally upon the traveled portion of the highway, defendant was faced with an emergency when he came over the nearest knoll and found he could not pass to the left because of an approaching vehicle from the west." True, in that case there was only 150 to 200 feet of visibility, but whether it was 200 or 600 feet or some distance between, the issue might well be affected by other obvious circumstances such as speed,

weight of the vehicle, and the grade involved. The question of whether the operator had time to effectively act in response to the situation is usually a fact question for the jury.

In Erickson v. Thompson, supra, which involved a sight distance of 600 feet and a collision with a stopped car, the emergency issue was resolved as a matter of law, but there defendant admitted he came over the hill at 65 miles per hour, that he proceeded without reducing his speed until it was too late to avoid a collision with the other vehicle. Obviously, that decision is not helpful to defendants, for here plaintiff's driver testified he took prompt remedial action when he saw and realized the situation ahead of him.

We are satisfied plaintiff's evidence was such as to justify the submission of the emergency issue to the jury and that the instruction given was proper. Clearly, plaintiff's driver had no reason to anticipate the situation he faced as he came over the hillcrest, and was not as a matter of law guilty of violating section 321.285, Code, 1962, on assured clear distance ahead.

IV. Finally, appellants contend the trial court erred in overruling their motion for a new trial. The rule is well established that the trial court has wide discretion as to such a motion, and it is only when the evidence clearly shows it abused that discretion that we will interfere. Krieg v. Grant, 248 Iowa 396, 404, 80 N.W.2d 724, 728; Farmers Ins. Exchange v. Moores, 247 Iowa 1181, 78 N.W.2d 518; Loughman v. Couchman, 243 Iowa 718, 53 N.W.2d 286; Erickson v. Thompson, supra. The evidence taken in a light most favorable to plaintiff does not show the court's discretion was abused.

As appellee points out, defendants were illegally stopped upon the traveled portion of the highway, which caused plaintiff's driver to face an unexpected situation and make a decision as to his best course of action when he started to descend this steep hill. The issue as to whether French was negligent in what he did under that situation was submitted to the jury under adequate instructions taken as a whole. French was shown to be an experienced driver of this rig, and the jury, under substantial evidence and adequate instructions, found his decision in this emergency to drive upon the shoulder and avoid a collision with

the vehicles ahead was not faulty and was not the proximate cause of the accident and damage.

V. Having found no reversible error, the judgment must be—Affirmed.

All JUSTICES concur.