**William J. RILEY, Appellant,**

**v.**

**WILSON CONCRETE COMPANY and Joseph E. Kessler, Appellees.**

**No. 54345.**

Supreme Court of Iowa.

March 11, 1971.

Reynoldson, Reynoldson, Brown & Van Werden, Osceola, for appellant.

Johnson, Stuart, Tinley & Peters, Council Bluffs, for appellees.

BECKER, Justice.

Plaintiff's action is for personal injury and property damage growing out of a collision involving two semi-trailer trucks going in opposite directions. The trucks met on a curve, the trailers sideswiped each other and the accident occurred. Jury trial resulted in verdict for plaintiff. The court sustained defendants' motion for new trial and plaintiff appeals. Reversed and remanded for reinstatement of verdict.

In ruling upon a motion for new trial, broad but not unlimited discretion is vested in the trial court and we are slower to interfere with the grant of a new trial than with its denial. Rule 344(f) (3) (4), Rules of Civil Procedure. Erickson v. Thompson, 257 Iowa 781, 791, 135 N.W.2d 107 (1965). We will not disturb the order appealed from unless we can say there was no reasonable ground for the trial court to believe the jury reached an unjust result which may be obviated upon a second trial. Coleman v. Brower Construction Co., 254 Iowa 724, 731, 119 N.W.2d 256 (1963).

However, the discretion is not unlimited. It must have some support in the record. It must not be exercised arbitrarily. Fetters v. City of Des Moines, 260 Iowa 490, 149 N.W.2d 815, 819. When we are convinced the order has no substantial support in the record or was arbitrarily entered it is our duty to reverse the order and reinstate the judgment. Otherwise the party's right to review would be meaningless. Our cases involving motions for new trial which need not be reviewed here, will show we rarely and reluctantly overrule the trial court's decision to grant a new trial. But we do so when we are convinced justice demands such action.

We find no useful purpose will be promoted by detailed examination of the factors in this case that convince us defendant had a fair trial and a just result was reached. Our careful review of the record finds no support for the trial court's grant of a new trial. We conclude the court abused its broad discretion in taking the action of which complaint is made. This conclusion requires reversal with directions to set aside the order granting a new trial, reinstate the verdict and enter judgment thereon.

Reversed and remanded.

All Justices concur, except LARSON, J., who takes no part.