ALICE E. BURWELL, Appellant, v. EDGAR SIDDENS et al., Appellees.

No. 46952.

646

FEBRUARY 11, 1947.

REHEARING DENIED JUNE 21, 1947.

Frank F. Wilson, of Mount Ayr, and Roscoe S. Jones, of Atlantic, for appellant.

Emmet R. Warin, of Mount Ayr, and Thomas E. Mullin, of Creston, for appellees.

HAYS, J.—On May 25, 1945, plaintiff-appellant was riding in an automobile owned and operated by her husband, Frank M. Burwell. While proceeding north on U. S. Highway 169, a few miles north of Mount Ayr, their car collided with a truck being operated by defendant Burl Colvin and owned by defendant Edgar Siddens. The truck was proceeding in a southerly direction on said highway. As the result of the collision, appellant was seriously injured and her husband was killed. The jury returned a verdict for defendants.

Appellant alleged and set forth in her petition three grounds of negligence upon the part of the appellees: (1) Defendants, on meeting the motor vehicle in which plaintiff was riding, failed to give one half of the traveled way but drove their motor vehicle across the center of the highway and into the motor vehicle in which plaintiff was riding. (2) Defendants drove their motor vehicle on the highway and used thereon a pneumatic tire when such tire was worn to the extent that more than two layers of fabric or cords were exposed on the entire traction surface. (3) Defendants drove their motor vehicle on the highway without having the same equipped with brakes adequate

to control the movement of and to stop and hold such vehicle. Defendant's by answer claimed plaintiff and her husband were engaged in a joint enterprise and that the accident was caused by the negligence of Frank Burwell.

Appellant, when she rested her main case, withdrew specification of negligence No. 3. At the close of the testimony, the trial court, upon the motion of the defendants, withdrew negligence specification No. 2, and submitted the case to the jury on specification No. 1.

Appellant advances three propositions as a basis for reversal:

(1) The trial court erred in failing to admit as evidence the tires of defendants' truck.

(2) The trial court erred in construing section 5034.49, Code of Iowa, 1939 (section 321.440, Code, 1946), to mean that it is necessary that two or more layers of fabric or cords be exposed on the entire traction surface of the tire in order that such tire be used in violation of law.

(3) The trial court erred in refusing to instruct the jury that plaintiff was a guest of her husband as a matter of law and therefore any negligence of her husband was not imputable to plaintiff.

I. We have carefully considered the instructions given in this case and find no merit in appellant's assignment of error No. 3. In determining the correctness and sufficiency of an instruction, the instructions must be considered as a whole. Olson v. Cushman, 224 Iowa 974, 276 N. W. 777; Smith v. Pine, 234 Iowa 256, 12 N. W. 2d 236. In Instruction No. 7, the court instructed that appellant must show herself free from contributory negligence and that the negligence, if any, of her husband would not defeat her right of recovery, if she were otherwise entitled to recover. In Instruction No. 10 the jury was told that, if the driver of appellant's car was negligent and that such negligence was the sole proximate cause of the collision and that but for such negligence the collision would not have happened, appellant could not recover. The jury was also told in this instruction that, for appellant to recover, she must show

appellees to have been negligent and that such negligence was the proximate cause of the collision.

These instructions, read as a whole, correctly state the law and fully protect appellant's rights. Schuster v. Gillispie, 217 Iowa 386, 251 N. W. 735; Churchill v. Briggs, 225 Iowa 1187, 282 N. W. 280.

II. Appellant also alleges error in the court's refusal to accept in evidence tires from appellees' truck. This assignment of error is so interwoven with the remaining assignment of error that they should be considered together.

Appellant assigns as negligence upon part of the appellees the violation of section 5034.49, Code, 1939 (section 321.440, Code, 1946), and error upon the part of the trial court in refusing to submit it to the jury. The material part of this section is as follows:

"No pneumatic tire shall be used on a motor vehicle when such tire is worn to the extent that more than two layers of fabric or cords are exposed on the entire traction surface."

This section would appear to prohibit the mere owning or possessing such a tire, if upon a motor vehicle, even though it might be used solely upon the owner's premises. It must be read in connection with section 5033.01, Code, 1939 (section 321.381, Code, 1946), in order to understand the general purpose of the statute. It is clearly a "safety regulation" and as such, a violation thereof would constitute negligence. The trial court, in a ruling filed, found that the tires did not violate the statute and withdrew this specification of negligence. The tires, previously admitted in evidence, were likewise withdrawn. Under the record, whether the statute was or was not violated is immaterial.

The tires, offered in evidence, were from the left front wheel, the left rear inside dual wheel, and the left rear outside dual wheel. Exhibit 18, certified to this court, was the left inside dual wheel and tire. It is self-evident that this tire violated the purpose and intention of section 321.440, Code, 1946, if not the letter thereof. All of the fabric on one side of the center line of the tread to the rim was bare and badly worn, but ap-

proximately one half of that part of the traction surface of said tire was covered with rubber and in fair condition. The record shows that immediately after the collision all three tires were flat. Each tire had a large hole in it. Driver Colvin states that there were no flat tires on the truck prior to the accident. This is not disputed in the record, either by direct or circumstantial evidence, other than the fact of the tires being flat immediately afterward. There can be no question but that the force of the impact was terrific. The car in which appellant was riding was completely demolished. The truck, weighing, loaded as it was with corn, approximately eight tons, was completely overturned, with the cab and body resting on the pavement. Whether flat tires caused the collision or the collision caused the flat tires is not even suggested by the record. Any answer to this question would be pure speculation and guesswork. Even assuming, but not holding, that section 5034.49, Code, 1939 (section 321.440, Code, 1946), was violated by appellees in using these tires, to have allowed the jury to speculate upon the effect thereof would, under this record, have been error. We have held many times that even though the driver of an automobile may violate the law in some particular, still this cannot be made the basis of recovery by an injured party unless the illegal act was in some way the proximate cause of the injury. Crutchley v. Bruce, 214 Iowa 731, 240 N. W. 238; Pettijohn v. Weede, 209 Iowa 902, 227 N. W. 824.

III. The trial court, after refusing to submit appellant's specification of negligence No. 2, withdrew from the record as exhibits the three tires heretofore referred to. While we feel that they should have been received as exhibits, the error in rejecting them is not prejudicial to the extent of calling for a reversal.

There being no reversible error in the lower court, its judgment should be and is—Affirmed.

All JUSTICES concur.