ARTHUR L. MASS, administrator of estate of Lyle Dean Mass, deceased, appellant, v. JOHN MESIC, appellee.

No. 51207.

(Reported in 127 N.W.2d 99)

MARCH 10, 1964.

Raymond E. Pogge, of Council Bluffs, for appellant.

Smith, Peterson, Beckman & Willson, of Council Bluffs, for appellee.

HAYS, J.—This case involves an intersection collision between a truck being driven by defendant and a bicycle being ridden by a ten-year-old boy, plaintiff's decedent, which resulted in his death. A jury returned a verdict for defendant and plaintiff appeals.

The defendant was the sole eyewitness and except for the physical facts the case rests very largely upon his testimony. The collision occurred about 6:30 p. m. on August 7, 1961, at the intersection of South Eighteenth Street and Twenty-fifth Avenue in Council Bluffs, Iowa. Eighteenth Street runs north and south, Twenty-fifth Avenue runs east and west. Defendant was approaching this intersection from the north and entered the same at the rate of 15 miles per hour. Plaintiff's decedent, riding a bicycle, entered the intersection from the west. The collision occurred about the center of the intersection. Both South Eighteenth Street and Twenty-fifth Avenue are narrow, dirt streets and at the time in question the northwest corner of the intersection was overgrown with corn and weeds so as to make the intersection a blind corner. There is some evidence that the bicycle at the time of the collision was "just a trifle north of the center of Twenty-fifth Avenue" and the truck was right at the center of Eighteenth Street.

It is defendant's theory and he so pleaded in his answer that as he "entered the intersection plaintiff's decedent, riding his bicycle, darted from the west and directly into the path of defendant's truck" thus creating a sudden emergency.

Plaintiff pleaded and the trial court submitted to the jury two grounds of negligence on the part of the defendant: Violation of section 321.319, Code of Iowa, 1962, and failure to keep

a proper lookout. The jury was told that a violation of the statute would constitute negligence as would also a failure to keep a proper lookout. The jury was then told that defendant claimed a legal excuse for violation of the statute, if the jury should so find, and that if it should appear defendant was confronted with a sudden emergency not of his own making, he would not be held to the same accuracy of judgment as he would otherwise.

I. Proper objections were interposed to the giving of Instructions Nos. 10 and 11, being the ones on legal excuse and sudden emergency, and their giving is assigned as error. It should be noted that no issue is raised as to the correctness of the instructions, but only as to whether under the record such instructions should be given. Whether such a fact issue was raised?

The appellee argues and cites many recent cases of this court to the effect that the nature and extent of an emergency is generally a fact question where there is substantial evidence to substantiate it, and is for the jury to determine. Luppes v. Harrison, 239 Iowa 880, 32 N.W.2d 809; McBeth v. Merchants Motor Freight, 248 Iowa 320, 79 N.W.2d 303; Paulsen v. Mitchell, 252 Iowa 65, 105 N.W.2d 603; Pinckney v. Watkinson, 254 Iowa 144, 116 N.W.2d 258.

Appellant concedes the above proposition, urged by appellee, but asserts that each case must stand upon its own facts and that a scintilla of evidence is not enough to generate a jury question and that at best, under the record, only a scintilla of evidence as to a sudden emergency exists, citing Ehrhardt v. Ruan Transport Corp., 245 Iowa 193, 61 N.W.2d 696; Zuck v. Larson, 222 Iowa 842, 270 N.W. 384; Bletzer v. Wilson, 224 Iowa 884, 276 N.W. 836; Wachter v. McCuen, 250 Iowa 820, 96 N.W.2d 597; Harris v. Clark, 251 Iowa 807, 103 N.W.2d 215.

It is not the province of the court to pass upon the weight or credibility of the testimony and where there is a substantial dispute in the testimony or where from the testimony, though undisputed, reasonable minds might differ, the same calls for a jury determination. The question arising in such

cases, as here, is whether the facts present such substance or reasonable possibility.

The physical facts are above set forth and it appears without question that the defendant was well aware of them. What happened at the time of the collision is found solely in the testimony of the defendant. As to the physical facts, defendant states: "As you are entering the intersection you can't see very far to the west on Twenty-fifth Avenue, about 10 or 15 feet, but you can see down the street after you get into the intersection, but you could hardly see because of the corn and weeds right close to the road, right next to the car. *My vision of Twenty-fifth Avenue to the west was completely blocked. I was aware of the weeds and the corn and the condition which existed.*" (Italics added.)

It is appellee's theory and the basis of the claim of a sudden emergency, such as to excuse violation of section 321.319, Code of Iowa, that the decedent was on the wrong side of the road, Twenty-fifth Avenue, which prevented him from being seen by defendant. This contention is based upon statement of police that tire marks show that at the time of the collision the bicycle was "just a trifle north of the center line."

As we have stated many times, there is no doubt but that a sudden emergency existed just before the collision. However it has been the rule in this state since the decision in Kisling v. Thierman, 214 Iowa 911, 243 N.W. 552, that for a sudden emergency to be available as an excuse for failing to obey a statute, such emergency must not have been of his own making. There is no doubt or question but that the decedent had the right-of-way over defendant at this intersection. See section 321.234, Code, 1962. There is no doubt under the record that it was, to a degree at least, a blind intersection. There is no doubt but that defendant was entirely aware of this situation and there is no question but that defendant entered upon this blind intersection without reducing the speed of his truck. The testimony of defendant looking to his right as he entered the intersection is, to give it all that it can hope for, very very slight. It is:

"Q. As you entered the intersection did you look to the

right and to the left? A. Yes, I looked to the right and just as I glanced back, just met there together. Q. You looked to the right? A. As I looked to the left; I looked to the left and looked to the front, forward, and there was a bicycle right in front of me. Q. You looked to the left and then you looked forward and then there was a bicycle? A. Yes."

We think it clearly appears that defendant had actual knowledge of the dangerous situation in ample time to have acted in relation thereto and such emergency as may have arisen was of his own making and that the giving of the Instructions Nos. 10 and 11 constituted reversible error. See Harris v. Clark, 251 Iowa 807, 103 N.W.2d 215.

Appellant has assigned as error the giving of numerous other instructions. As to some of them no exceptions or objections were made, rule 196, Rules of Civil Procedure; and as to the others we find no merit in the questions raised relative thereto.

For the reasons above set forth the cause is reversed and remanded.—Reversed and remanded.

All JUSTICES concur except PETERSON, J., who takes no part.