ARTHUR L. MASS, administrator of estate of Lyle Dean Mass, deceased, appellant, v. JOHN MESIC, appellee.

No. 51953.

(Reported in 142 N.W.2d 389)

May 3, 1966.

Raymond E. Pogge, of Council Bluffs, for appellant.

Smith, Peterson, Beckman & Willson, of Council Bluffs, for appellee.

THORNTON, J.—This is a second appeal of this case. See Mass v. Mesic, 256 Iowa 252, 127 N.W.2d 99.

It is an intersection case. Defendant, on the left, was driving a 1950 pickup truck south on Eighteenth Street in Council Bluffs; plaintiff's decedent, a ten-year-old boy, on the right, was riding a bicycle east on Twenty-fifth Avenue; at the intersection of the two streets the truck collided with the bicycle resulting in the boy's death. The first trial resulted in a verdict for defendant. We reversed. On the second trial the jury again returned a verdict for defendant and plaintiff appeals.

██ I. Plaintiff first urges for reversal the court erred in not fully and correctly instructing on the specifications of negligence concerning lookout and right-of-way. The trial court instructed on both in Instruction No. 7. In the trial court plaintiff's principal objection to Instruction No. 7 was that it did not specifically state that a failure to yield the right-of-way would constitute negligence and that a failure to keep a proper lookout would constitute negligence. We think the instruction is vulnerable to this objection and it is reversible error. The instruction appears to be an attempt to apply both failure to yield the right-of-way and failure to keep a proper lookout to the evidence. The instruction is readily susceptible to the interpretation that failure as to lookout was the only failure that would constitute negligence. At no place in the instruction was the jury told that a failure to yield the right-of-way in and of itself, whether connected with lookout or not, would constitute negligence, and the jury was not told failure to keep a proper lookout in and of itself would constitute negligence. All the jury was told in this respect was, "If you find * * * defendant * * * failed * * * to keep a proper lookout for the vehicle of the plaintiff's decedent approaching from the right so as to be prepared to yield the right-of-way on entering the intersection, he was negligent in this respect." See Iowa Uniform Jury Instructions, No. 4.20 and No. 5.8. These were the only specifications of negligence submitted to the jury, the effect was to deprive plaintiff of one of

the two specifications of negligence submitted. Though not specifically urged by plaintiff in his objections to Instruction No. 7, the instruction does contain statements inapplicable to the evidence and in this regard is misleading.

Defendant contends Instruction No. 7 was more favorable to plaintiff than necessary where the court referred to defendant's duty when there was an obstruction to his vision and that lookout must be made from a place where defendant could be prepared to yield the right-of-way. This does not cure the error pointed out above. And we may say under the record made defendant's duty was to look where he could see and be prepared to yield, Smith v. Lamb, 220 Iowa 835, 263 N.W. 311. Defendant on direct examination testified:

"As I approached the intersection of Twenty-fifth Avenue, I looked to my right, there were corn and weeds pretty high. I could not see over the corn and the weeds. I would say the corn and the weeds were about six feet high or better. I could not see around the corner."

On cross-examination he testified, "Q. So you couldn't see down Twenty-fifth Avenue? A. Well, no I couldn't, not until you get pretty near to the middle of the intersection."

■ II. Defendant contends there was no error in this regard because plaintiff's decedent was not entitled to the benefit of the right-of-way section, section 321.319, Code, 1958, because a bicycle is not a vehicle under the definition in section 321.1 (1), Code, 1958, " 'Vehicle' means every device * * * excepting devices moved by human power * * *." This contention is untenable. Section 321.234, Code, 1958, provides:

"Every person riding a bicycle * * * upon a roadway shall be subject to the provisions of this chapter applicable to the driver of a vehicle, except those provisions of this chapter which by their nature can have no application."

The right-of-way section is not one which by its nature can have no application. We think it is clear a bicycle rider has the duty to yield to those vehicles approaching on his right and is entitled to the benefit of the right-of-way from those approaching on his left. Mass v. Mesic, 256 Iowa 252, 255, 127 N.W.2d

99, 101; and Tuthill v. Alden, 239 Iowa 181, 185, 30 N.W.2d 726.

III. Plaintiff contends he was entitled to a directed verdict because defendant failed to yield the right-of-way as a matter of law. Plaintiff had the burden of proof to show defendant's negligence, that such negligence was a proximate cause, and his decedent was not guilty of contributory negligence. There was no evidence from which it could be said as a matter of law defendant's negligence was a proximate cause or plaintiff's decedent was free from contributory negligence. Negligence, proximate cause and contributory negligence are questions of fact for the jury save in exceptional cases. See rule 344(f)10, Rules of Civil Procedure. Ruble v. Carr, 244 Iowa 990, 994, 59 N.W.2d 228. The trial court properly overruled plaintiff's motion for a directed verdict.

IV. Plaintiff also urges he was entitled to instructions on speed, control, failure to sound horn, and defective brakes.

Plaintiff's contentions as to speed are that he pleaded it, the record shows defendant's speed was 15 to 20 miles per hour as he approached the blind intersection and he did not slow down as he entered the intersection. He contends it is a jury question because of the standards of a careful and prudent speed not greater than is reasonable and proper for the conditions then existing under section 321.285, Code, 1958, and to reduce the speed to a reasonable and proper rate when approaching and traversing an intersection under section 321.288, Code, 1958. The existing condition was the blind intersection on defendant's right and his duty to yield the right-of-way to those approaching on his right. The streets were dirt, the day clear and the streets dry. The collision occurred about 6:30 p.m. on August 7, 1961.

In this regard defendant contends the record shows the streets were in a suburban district and the statutory speed limit was 45 miles per hour, section 321.285(4), Code, 1958; that he was well within the speed limit and not going more than 15 or 20 miles per hour, which plaintiff concedes; there was no causal connection between defendant's speed and the collision; that in the first case only lookout and failure to yield the right-of-way

were submitted, plaintiff did not contend any of these additional specifications of negligence should have been submitted, and that in this regard the instructions became the law of the case.

Adverting first to defendant's claim of the law of the case in regard to these additional specifications of negligence, we find from an examination of the Record and Brief and Argument in the first appeal plaintiff did not object to the failure to so instruct in the trial court but did urge in his Brief and Argument here that speed and control should have been submitted. Of this we said, page 256 of 256 Iowa, page 102 of 127 N.W.2d, "As to some of them no exceptions or objections were made, rule 196, Rules of Civil Procedure; * * *." Speed and control were not considered by us on the prior appeal.

 To determine this question of law of the case it is necessary to determine first what our rule is, does it include every question that could have been raised on the first appeal or does it apply only to those questions that were properly before us for consideration and passed on? It is the latter. Our rule is stated in Des Moines Bank & Trust Co. v. Iowa Southern Utilities Co. of Delaware, 245 Iowa 186, 189, 61 N.W.2d 724, 726, quoted with approval in State v. Di Paglia, 248 Iowa 97, 99, 78 N.W.2d 472, 473, as follows:

"We are firmly committed to the doctrine that the legal principles announced and the views expressed by us in an opinion, right or wrong, are conclusively binding, throughout further progress of the case, upon the litigants, the trial court upon remand and this court in later appeals. Likewise, matters necessarily involved in the determination of a question are settled by the opinion when such matters are again presented on a subsequent appeal."

A question not passed on is not included. Speed and control may be considered by us, as may sounding the horn and defective brakes.

 Defendant urges there is no evidence his speed was over 15 or 20 miles per hour. This is true. Under the record he stopped within 10 to 14 feet after he saw the boy on the bicycle. However, the existence of the blind intersection is a circumstance that brings into play both sections 321.285 and 321.288,

Code, 1958. The jury could properly find that 15 or 20 miles per hour was not reasonable and proper under the circumstances at the intersection and that such was the proximate cause of the collision. Defendant contends that speed is tied in with failure to yield and lookout. This is true. Speed undoubtedly plays a part in each. However, the jury could properly find the efficient cause of the collision was the failure to slow down—thus preventing defendant from keeping a proper lookout and from yielding the right-of-way. It is true, as pointed out by defendant, in a number of the cases cited by plaintiff, Davidson v. Vast, 233 Iowa 534, 10 N.W.2d 12, Youngs v. Fort, 252 Iowa 939, 109 N.W.2d 230, and Richards v. Begenstos, 237 Iowa 398, 21 N.W.2d 23, there was a conflict in the evidence as to speed. This, however, is not always necessary as we point out in Coulthard v. Keenan, 256 Iowa 890, 896, 129 N.W.2d 597, 600, 601, a case involving the duty of a driver blinded by the sun in relation to yielding the right-of-way to a pedestrian, it was the duty of the driver to stop. A proper instruction on speed should have been given.

V. Control is a statutory duty. Section 321.288, Code, 1958, provides, "The person operating a motor vehicle * * * shall have the same under control and shall reduce the speed to a reasonable and proper rate: * * * 3. When approaching and traversing a crossing or intersection * * *."

The above statute places the duty of having his car under control when approaching and crossing an intersection. Control relates to speed, stopping and changing course. A driver must be able to stop or change course with reasonable celerity. Though control as pointed out by defendant is involved in right-of-way and lookout it is a specific statutory duty. A failure to stop or slow down for a blind intersection is not only evidence of failure to yield and to keep a proper lookout but also of lack of control. The reason defendant failed to stop or slow down to be in a position to yield the right-of-way could be due to lack of control, failure to keep a proper lookout, or to some other reason. The fact that statutory duties around intersections overlap does not mean only the ultimate one can be the proximate cause. Nor is it true that only a car driven at high speed may

not be under control. A slow moving vehicle not further slowed at an intersection can be dangerous. Turner v. Detrick, 257 Iowa 1197, 136 N.W.2d 253; Larson v. Johnson, 253 Iowa 1232, 115 N.W.2d 849; Arenson v. Butterworth, 243 Iowa 880, 887, 888, 54 N.W.2d 557; Rogers v. Jefferson, 224 Iowa 324, 275 N.W. 874; and Brown v. Guiter, 256 Iowa 671, 678, 128 N.W.2d 896. The issue of control should have been submitted to the jury.

■ VI. There was no evidence of faulty brakes. The only evidence was given by a police officer, he testified, "I tested the brake pedal. The brakes were fair. It had three-quarters pedal, the pedal would go down about three quarters of the way before it caught a full brake. We. made no stopping tests." Implicit in this evidence is that the brake fully responded after the pedal was pushed three quarters of the way down. This coupled with the actual stopping by defendant is the only evidence on this question. Clearly it does not show the brakes did not meet the requirements of sections 321.430 and 321.431, Code, 1958, or had no brakes. This falls short of the expert testimony in Hahn v. Graham, 256 Iowa 713, 128 N.W.2d 886, that much of the brake fluid had seeped out, the first application of the brakes would have no effect, after pumping the pedal three or four times there would be some braking effect. See Schneider v. Swaney Motor Car Co., 257 Iowa 1177, 136 N.W.2d 338; Iowa Mutual Insurance Co. v. Combes, 257 Iowa 135, 131 N.W.2d 751; and Rice v. McDonald, 258 Iowa 372, 379, 138 N.W.2d 889, 893.

■ VII. Plaintiff urges it was error not to submit the issue of failing to sound a horn. Plaintiff did not originally plead this specification of negligence but moved the court for permission to amend to plead such specification of negligence after both parties had rested at the close of the second trial. Immediately after so moving, plaintiff renewed his motion to direct. The court then overruled the motion to direct and no ruling was made on the motion to amend.

Rule 88, Rules of Civil Procedure, provides for amendments after a responsive pleading has been filed as follows, "The court, in furtherance of justice, may allow later amendments, including those to conform to the proof and which do not substantially change the claim or defense."

Under this rule, to amend a party must have the amendment allowed by the court. He cannot amend without the court allowing the amendment. Therefore he must pursue his motion to the point of obtaining a ruling. Under this state of the record there is nothing before us to review.

The case is reversed for a new trial.—Reversed and remanded.

All JUSTICES concur except SNELL and STUART, JJ., who concur in the reversal and remanding but dissent in that they would not submit speed and control.