James L. RUBEL and Doris M. Rubel, Appellants,

v.

Allan J. HOFFMAN, Appellee.

No. 2–56204.

Supreme Court of Iowa.

May 21, 1975.

Bitter & Neuwoehner, Dubuque, for appellants.

Kintzinger, Kintzinger, Van Etten & Setter, Dubuque, for appellee.

Heard by MOORE, C. J., and RAWLINGS, REES, UHLENHOPP and HARRIS, JJ.

RAWLINGS, Justice.

Action by plaintiffs seeking recovery for personal injuries and property damage resulting from a car-truck collision. Trial jury returned a verdict adverse to plaintiffs. They appeal from judgment entered thereon. We reverse.

This accident occurred about 10:00 a.m., March 15, 1969, on old Springbrook Road (Springbrook), a gravel highway in Jackson County. This road runs generally north and south. At the point here concerned it is intersected on the east by a farm lane leading from the Harvey Rickert home.

Plaintiff, James Rubel, driver of the car, accompanied by his wife and children, testified he was traveling north on Springbrook at 40 miles per hour. When approximately 200 feet from the intersection Rubel first observed the roof of a truck about 15 to 18 feet from Springbrook on the Rickert farm lane. His view was partially obscured by a dirt embankment located southeast of the point where Springbrook and the lane intersect. When almost 100 feet distant Rubel saw defendant truck operator look to the north but not to the south, then move onto Springbrook in such manner as to block both lanes of travel. Being unable to pass the truck on the left side of the road Rubel swerved right so as to utilize the farm lane in an attempt to pass the road-blocking vehicle. Defendant's truck then moved rearward, however, and the vehicles collided.

Defendant's testimony differs in several respects. His version is that he first saw the Rubel car when it was several hundred feet south of the farm lane entrance and defendant's truck was then six inches from the roadway. By the time defendant brought his vehicle to a stop the front end thereof was about two feet beyond the east edge of the gravel road. He then shifted the truck into reverse gear but before it began moving rearward the collision occurred.

Unquestionably defendant failed to bring his vehicle to a stop before entering onto the roadway on which Rubel was traveling.

By their petition plaintiffs allege, in relevant part, defendant was negligent in failing to stop and yield the right of way when emerging from a private lane. The Code 1966, Section 321.353.

Defendant's answer denied negligence on his part and affirmatively asserted contributory negligence by Rubel.

At the close of all evidence plaintiffs unsuccessfully moved for a directed verdict predicated in part on defendant's violation of Code § 321.353.

Pursuant to defense counsel's request trial court instructed the jury to the effect defendant's negligence in failing to stop pursuant to § 321.353 was excusable if it resulted from (1) anything making compliance with the statute impossible; (2) anything over which defendant had no control which served to place his vehicle in a position violative of the statute; or (3) an emergency not of defendant's own making which caused him to disobey the statute.

To this instruction plaintiffs timely objected on the ground it was without support in the record. This objection was overruled.

Plaintiffs' post-verdict motions for judgment notwithstanding the verdict and for a new trial, both foundationed in part on the aforesaid controverted legal excuse instruction, were both overruled.

In support of a reversal plaintiffs submit six errors. Reduced to bare essentials they thereby contend trial court erred in (1) overruling their directed verdict motion; (2) submitting an instruction on legal excuse as to defendant's negligence; (3) failing to tailor the instruction on legal excuse to specific facts of the case; and (4) overruling the new trial motion.

In light of our holding *infra*, regarding plaintiffs' second asserted error, we do not reach the other instruction-related assignment.

I. As noted above, plaintiffs initially take the position trial court erroneously overruled their directed verdict motion since defendant admittedly failed to stop before entering onto the Springbrook roadway. It is thereupon claimed defendant was negligent per se, leaving only the matter of damages for jury determination. We disagree.

■■■ In order to justify a directed verdict for plaintiffs trial court would have had to first hold, as a matter of law, any negligence on defendant's part, even though resulting from violation of a statutory rule of the road, was a proximate cause of the accident and resulting harm to plaintiffs. See Andrews v. Struble, 178 N.W.2d 391, 398 (Iowa 1970); Christensen v. Sheldon, 245 Iowa 674, 681, 63 N.W.2d 892 (1954); Burwell v. Siddens, 238 Iowa 645, 649, 25 N.W.2d 864 (1947).

And, as this court said in DeYarman v. State, 226 N.W.2d 26, 28 (Iowa 1975):

"Ordinarily negligence and proximate cause are matters to be determined by the trier of fact and only in exceptional cases may they be settled as questions of law. Rule 344(f)10, R.C.P.; Ruan Transport Corp. v. Jacobs, 216 N.W.2d 182, 185 (Iowa 1974); Osterfoss v. Illinois Central Railroad, supra, 215 N.W.2d [233] at 238.

"Even though negligence is established, it does not necessarily follow that proximate cause exists. This is a question to be separately determined. Kastler v. Iowa Methodist Hospital, 193 N.W.2d 98, 103 (Iowa 1971); Robeson v. Dilts, 170 N.W.2d 408, 412 (Iowa 1969)."

See also Bickford v. American Interinsurance Exchange, 224 N.W.2d 450, 455–456 (Iowa 1974).

Furthermore, a directed verdict would have necessitated a finding by trial court that Rubel, as a matter of law, was not contributorily negligent in any respect pled by defendant. Like proximate cause, this is usually an issue to be resolved by the trier of the fact. See Ruan Transport Corporation v. Jacobs, *supra*; Code § 619.17; Iowa R.Civ.P. 344(f)(2). See also Householder v. Town of Clayton, 221 N.W.2d 488, 491–492 (Iowa 1974); Helland v. Yellow Freight System, Inc., 204 N.W.2d 601, 605–606 (Iowa 1973).

Under these conditions the aforesaid findings "as a matter of law" were not justified.

■■■ II. Plaintiffs next contend the record did not support the giving of a jury instruction on legal excuse. We agree.

This court dealt with the matter of legal excuse in Kisling v. Thierman, 214 Iowa 911, 915–916, 243 N.W. 552, 554 (1932) and there stated, in relevant part:

"[I]f the defendant failed to observe the standard of care * * * fixed by statute, he is guilty of negligence, unless he has shown a legal excuse for failure to observe the requirements of the statute * * *, and in case he has so shown such legal excuse, he is not guilty of negligence."

See also City of Cedar Rapids v. Moses, 223 N.W.2d 263, 267 (Iowa 1974).

■■ Correlatively we have held the burden is upon a party charged with negligence to establish legal excuse for violation of statutory rules of the road by a preponderance of the evidence. See Gunnison v. Torrey, 216 N.W.2d 361, 365 (Iowa 1974); Schmitt v. Jenkins Truck Lines, Inc., 170 N.W.2d 632, 643 (Iowa 1969).

■■ As heretofore disclosed defendant, at least inferentially, concedes his failure to obey the Code § 321.353 mandate. He claims, however, issuable evidence was presented which justified submission of a legal excuse instruction. Illustratively, he asserts his view to the south, upon emerging from the private lane, would have been obstructed by a dirt bank had he complied

with Code § 321.353. Therefore, it is argued his failure to stop before entering Springbrook was excusable. This necessitates further examination of the record in a light most favorable to defendant.

As previously disclosed, Springbrook runs in a north-south direction and is joined on the east side by a private lane forming an almost ninety degree angle therewith. The road has a downhill grade from south to north, curving slightly to the east just north of the lane. Immediately opposite the lane the width of the roadway is approximately 24½ feet. At a point about 100 feet south of the lane the road is 25 feet wide. Rickert's lane is 29 feet in width where it intersects the road. There was a dirt embankment, overgrown with weeds and grass, at the south-east corner of the intersection where the road and lane meet. The embankment, several feet in height, tapered down to the lane on the north and to a ditch running parallel with the road. It clearly appears vision to the south of the lane was thus obstructed.

But defendant was familiar with the intersection and knew his entry onto the gravel road was dangerous because of the dirt embankment. Yet, in violation of a statutory duty to stop, he traveled down the farm lane and at least partially onto the highway before stopping.

■■ It is to us evident existence of the aforesaid dirt embankment did not, per se, give rise to an emergency. Rather defendant's failure to stop before entering Springbrook roadway served to create any resultant emergency. In this regard the sudden emergency rule cannot be invoked by one whose own negligence or wrongful conduct created an emergency or gave rise to a situation of peril. Consequently, a vehicle operator is not permitted to create an emergency by his own conduct, such as failing to stop where required, and then effectively invoke the sudden emergency doctrine. See Manley v. Janssen, 213 N.W.2d 693, 696 (Iowa 1973); Yost v. Miner, 163 N.W.2d 557, 562 (Iowa 1968); Mass v. Mesic, 256

Iowa 252, 255–256, 127 N.W.2d 99 (1964); 7 Am.Jur.2d, Automobiles and Highway Traffic, § 360; 60A C.J.S. Motor Vehicles § 271.

Furthermore, there is here an absence of evidence from which a jury could conclude a force over which defendant had no control made compliance with § 321.353 impossible and was responsible for his failure to stop and yield the right of way to Rubel.

Even though defendant's view to the south may have been obstructed, it was his statutory duty to stop, look and listen in order to ascertain whether there was oncoming traffic before entering the public highway. See Hunter v. Irwin, 220 Iowa 693, 695, 263 N.W. 34 (1935).

■ In the same vein evidence of due care by defendant after failing to stop as required by law does not insulate him from liability for his prior negligence which may have produced an emergency. See Mass v. Mesic, *supra* ; Winter v. Moore, 255 Iowa 1, 6–9, 121 N.W.2d 82 (1963); Florke v. Peterson, 245 Iowa 1031, 1036–1037, 65 N.W.2d 372 (1954); Restatement, Second, Torts, § 296(a) and comment at 65.

It therefore follows and we now hold, trial court erred in submitting defendant's requested instruction on the testimonially unsupported and inapplicable legal excuse issue. This necessitates a reversal. See Nolte v. Case, 221 N.W.2d 741, 745 (Iowa 1974) and citations; Steichen v. Shepherd, 216 N.W.2d 412, 414–415 (Iowa 1974); State v. Armstrong, 203 N.W.2d 269, 274 (Iowa 1972), cert. denied, 414 U.S. 857, 94 S.Ct. 163, 38 L.Ed.2d 108; Sorensen Health Studio, Inc. v. McCoy, 261 Iowa 891, 896, 156 N.W.2d 341 (1968); Mass v. Mesic, 256 Iowa at 254, 127 N.W.2d 99.

By the same token plaintiffs' new trial motion should have been sustained.

Reversed and remanded for a new trial.