# IN THE SUPREME COURT OF IOWA

No. 43 / 05-0947

Filed June 8, 2007

**DEVIN W. ROWLING,**

Appellant,

vs.

**JANE LOUISE SIMS,**

Appellee.

---

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Polk County, Douglas F. Staskal, Judge.

The driver of a vehicle appeals an adverse jury verdict and seeks further review of a court of appeals decision claiming there was insufficient evidence for the district court to submit an instruction to the jury on the impossibility category of the legal excuse doctrine. **DECISION OF THE COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT REVERSED AND CASE REMANDED.**

Thomas G. Ross of Thomas G. Ross Law Office, Des Moines, for appellant.

Kenneth R. Munro of Bradshaw, Fowler, Proctor & Fairgrave, P.C., Des Moines, for appellee.

**WIGGINS, Justice.**

In this case we must decide if substantial evidence supports the district court's instruction on the impossibility category of the legal excuse doctrine. Because we find substantial evidence does not support the giving of the instruction, we vacate the decision of the court of appeals, reverse the judgment of the district court, and remand the case for a new trial.

On December 19, 2000, between 4:30 p.m. and 5:30 p.m. a car accident occurred between Devin Rowling and Jane Louise Sims. At the time of the accident it was not snowing, but there was snow on the ground.

Rowling was driving his vehicle eastbound on Grand Avenue in Des Moines. Grand Avenue is a four-lane road, running east and west, with two lanes for eastbound traffic and two lanes for westbound traffic. Rowling was driving the speed limit in the inside eastbound lane, the lane nearest the center line.

At the same time Sims was in her vehicle in a private driveway at 2130 Grand Avenue, facing north, waiting to cross traffic, and turn westbound onto Grand Avenue. The driveway is approximately thirty-feet wide. Between the driveway and the street there is a sidewalk. On the west side of the driveway between the sidewalk and the traveled portion of the road is a parking lane, which allows for two to three cars to parallel park along the south side of Grand Avenue.

Sims acknowledged from her vantage point she could clearly see traffic approaching from the east. To the west, however, Sims claimed a pile of snow hindered her view of the eastbound Grand Avenue traffic. She testified this pile was located in the parallel parking lane. Sims decided the best way for her to see any eastbound traffic was to look up the sidewalk area for headlights coming from the west.

Once Sims perceived headlights were not coming from the west, she pulled onto Grand Avenue. As Sims pulled into traffic, Rowling testified she stopped at the yellow center line. Rowling, traveling in the inside eastbound lane, attempted to avoid Sims's vehicle, but he "remember[ed] somebody being kind of in [his] blind spot on [his] right-hand side. So [he] didn't want to turn into their way as well." Rowling was unable to stop his vehicle and struck Sims's vehicle on the driver's side.

Rowling brought a negligence action against Sims alleging Sims did not yield the right-of-way and failed to operate her vehicle in a safe manner. The case proceeded to a jury trial. The court instructed the jury on Sims's duty in instruction twelve as follows:

> The driver of a vehicle about to enter a street from a driveway shall stop the vehicle immediately before driving onto the street and shall yield the right of way to other approaching vehicles that are so close as to pose a danger. Then the driver, having yielded, may proceed to cautiously and carefully enter the street.
>
> A violation of this law is negligence.

The court gave the following instruction on legal excuse:

> The defendant claims that if you find that if she violated the law in operating her motor vehicle by failing to yield to oncoming traffic when entering a street from a driveway that she had a legal excuse for doing so because she could not see oncoming traffic and, therefore, was not negligent in this respect. "Legal excuse" means someone seeks to avoid the consequences of her conduct by justifying acts which would otherwise be considered negligent. The burden is upon the defendant to establish as a legal excuse that it was impossible for her to yield to oncoming traffic because she could not see oncoming traffic.
>
> If you find that the defendant did violate the law by failing to yield to oncoming traffic as defined in Instruction No. 12, and that she has established that it was impossible for her to do so, then you should find that the defendant was not negligent for failing to yield to oncoming traffic.

Rowling objected to the instruction claiming the evidence did not support the giving of this instruction. The district court overruled Rowling's objection.

The jury answered the question: "Was the defendant at fault?" in the negative. Accordingly, the court entered a judgment dismissing Rowling's petition and assessing the costs against him.

Rowling moved for a judgment notwithstanding the verdict and new trial or conditional new trial regarding the jury instruction on legal excuse. The district court denied both motions.

Rowling appealed and we transferred the case to our court of appeals. The court of appeals, with one judge dissenting, found the legal excuse jury instruction was a correct statement of the law and was substantially supported by the evidence. Rowling petitioned for further review, which we granted.

We review Rowling's claim that the legal excuse jury instruction was not supported by the evidence for correction of errors at law. *See Summy v. City of Des Moines*, 708 N.W.2d 333, 340 (Iowa 2006) (noting the two standards for review of jury instructions: "We review a claim that the court gave an instruction that was not supported by the evidence for correction of errors of law. We review the related claim that the trial court should have given the defendant's requested instructions for an abuse of discretion." (Internal citation omitted.)). When reviewing a claim that an instruction was not supported by substantial evidence, we view the evidence in the light most favorable to the party seeking the instruction. *Franklin v. Andrews*, 595 N.W.2d 488, 489 (Iowa 1999).

Instruction twelve correctly instructed the jury on Sims's duty to stop or yield before she entered Grand Avenue from the private driveway. Iowa

Code § 321.353(2) (1999). A violation of a statutory duty constitutes negligence per se, absent a legal excuse. *Jones v. Blair*, 387 N.W.2d 349, 352 (Iowa 1986) (citing *Kisling v. Thierman*, 214 Iowa 911, 915, 243 N.W. 552, 554 (1932)). The legal excuse doctrine allows a person to avoid the consequences of a particular act or type of conduct by showing justification for acts that otherwise would be considered negligent. *Meyer v. City of Des Moines*, 475 N.W.2d 181, 185 (Iowa 1991); *Jones*, 387 N.W.2d at 352.

There are four categories of legal excuse:

> (1) anything that would make it impossible to comply with the statute or ordinance;
>
> (2) anything over which the driver has no control which places the driver's motor vehicle in a position contrary to the provisions of the statute or ordinance;
>
> (3) where the driver of the motor vehicle is confronted by an emergency not of the driver's own making, and by reason of such an emergency, the driver fails to obey the statute; and
>
> (4) where a statute specifically provides an excuse or exception.

*Meyer*, 475 N.W.2d at 185.

A jury should only be instructed on the category of legal excuse supported by the evidence. *See Jones*, 387 N.W.2d at 353-54. In this case Sims claims the evidence supported the court giving the first category of the legal excuse doctrine—impossibility. Sims argues she was legally excused from the duty imposed on her by section 321.353 because the pile of snow located in the parallel parking lane west of the driveway made it impossible for her to yield the right-of–way.

We do not give a narrow, literal construction to "impossible" as used in the legal excuse doctrine. *Meyer*, 475 N.W.2d at 186. Instead, impossible under the doctrine of legal excuse means "not reasonably practicable." *Id.* Our review of the record reveals there was nothing in the

facts of this case to make it not reasonably practicable for Sims to yield the right-of-way to Rowling.

Even though Sims claims her vision was obstructed by the pile of snow, she had a duty under the statute to stop, look, and listen in order to determine whether there was traffic on Grand Avenue before she pulled out of the driveway. *Rubel v. Hoffman*, 229 N.W.2d 261, 265 (Iowa 1975) (stating it was the defendant's statutory duty under section 321.353 "to stop, look and listen in order to ascertain whether there was oncoming traffic before entering the public highway"). There is nothing in the record that required Sims to move from a place of safety and to pull onto Grand Avenue. Instead of blindly pulling onto Grand Avenue there were other reasonably practicable actions Sims could have taken to comply with her duty to yield the right-of-way.

First, she could have backed up to a distance sufficient to see the eastbound traffic, where the pile of snow did not obstruct her view. Second, she could have positioned her vehicle on the far right side of the thirty-foot-wide driveway giving her a better view of the eastbound traffic. Third, she could have inched her vehicle into the traveled portion of the road until she had an adequate view of the eastbound traffic. Under the specific facts of this case a collision would not have occurred because Rowling's vehicle was traveling in the center lane. Finally, she could have made a right-hand turn. Although these possible alternatives may seem burdensome on Sims, they are not so burdensome when viewed from the perspective of an innocent person who may be injured by Sims's choice of blindly entering a busy four-lane street at rush hour.

Therefore, substantial evidence did not support the district court's legal excuse instruction. Accordingly, we must vacate the decision of the

court of appeals, reverse the judgment of the district court, and remand the case for a new trial.

**DECISION OF THE COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT REVERSED AND CASE REMANDED.**